**Robert CASTILLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–95–01312–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 3, 1997.

J.C. Castillo, Houston, for appellant.

Calvin A. Hartman, Houston, for appellee.

Before YATES, HUDSON and FOWLER, JJ.

**OPINION**

YATES, Justice.

In this appeal, we must determine whether the trial court committed fundamental error by presenting a charge that included the theory of robbery by bodily injury when that theory was not specifically alleged in the indictment. We affirm.

A grand jury indicted appellant, Robert Castillo, for aggravated robbery. At trial, the jury found him guilty of robbery. Appellant asserts the trial court committed fundamental error by instructing the jury on an offense not alleged in the indictment.

The indictment alleged aggravated robbery by threat of bodily injury and death, coupled with the use and exhibition of a deadly weapon.

> Robert Castillo, hereafter styled the Defendant, on or about March 11, 1995, did then and there unlawfully, while in the course of committing theft of property owned by Fredy Mendoza and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place Fredy Mendoza in fear of imminent bodily injury and death, and the Defendant did then and there use and exhibit a deadly weapon, to-wit: a knife.

In contrast, the jury was charged on aggravated robbery, robbery by threat of bodily injury, and robbery by causing bodily injury. The paragraph dealing with robbery by bodily injury stated:

> Therefore, if you find from the evidence beyond a reasonable doubt that on or about the 11th day of March, 1995, in Harris County, Texas, the defendant, Roberto Castillo, did then and there unlawfully, while in the course of committing theft of property owned by Fredy Mendoza and with intent to obtain or maintain control of the property, intentionally, knowingly or recklessly cause bodily injury to Fredy Mendoza; or if you find from the evidence beyond a reasonable doubt that on or about the 11th day of March, 1995, in Harris County, Texas, another person or persons did then and there unlawfully, while in the course of committing theft of property owned by Fredy Mendoza and with intent to obtain or maintain control of the property, intentionally, knowingly or recklessly cause bodily injury to Fredy Mendoza, and that the defendant, Roberto Castillo, with the intent to promote or assist the commission of the offense, if any,

solicited, encouraged, directed, aided or attempted to aid the other person or persons to commit the offense, if he did; or . . .

Appellant claims this constitutes fundamental error because the jury returned a verdict on robbery and robbery by bodily injury was not alleged in the indictment.

■■■ The trial court has no jurisdiction to convict a defendant of an offense not charged in the indictment. *Foster v. State*, 834 S.W.2d 494, 497 (Tex.App.—Houston [14th Dist.] 1992, no pet.). An exception to this rule is that a trial court may convict a defendant of an offense not charged in the indictment if it is a lesser included offense of the one charged. *Id.* In some circumstances, robbery may constitute a lesser included offense of aggravated robbery. *E.g., Little v. State*, 659 S.W.2d 425, 426 (Tex.Crim.App. 1983); *Antunez v. State*, 647 S.W.2d 649, 651 (Tex.Crim.App.1983). However, we do not believe that robbery by bodily injury is a lesser included offense of aggravated robbery in this case. Article 37.09 of the Code of Criminal Procedure states that an offense is a lesser included offense if:

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

Tex.Code Crim. Proc. Ann. ART. 37.09 (VERNON 1981).

A person commits a robbery if, in the course of committing a theft with intent to obtain or maintain control of the property, the person 1) intentionally, knowingly, or recklessly causes bodily injury to another or 2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. § 29.02(a) (Vernon 1994). Aggravated robbery is committed if a person commits robbery *and* 1) causes serious bodily injury to another, 2) uses or exhibits a deadly weapon, or 3) causes bodily injury or threatens or places a disabled person or a person sixty-five years old or older in fear of imminent bodily injury or death. *Id.* § 29.03(a).

In this case, the theory of aggravated robbery alleged in the indictment relied solely on robbery by threat—intentionally or knowingly threatening or placing another in fear of imminent bodily injury or death. The offense of robbery by bodily injury—intentionally, knowingly, or recklessly causing bodily injury to another—could not constitute a lesser included offense of this allegation of aggravated robbery. It is apparent that robbery by bodily injury does not meet the requirements of article 37.09 in this case. Aggravated robbery by bodily injury requires proof of more than the "some or less than all the facts" required to prove robbery by threat. TEX.CODE CRIM. PROC. ANN. art. 37.09(1). The State has to prove actual physical pain, illness, or impairment of physical condition in a robbery by bodily injury case rather than a threat of bodily injury. TEX. PENAL CODE ANN. § 1.07(a)(8). Nor is robbery by bodily injury a "less serious injury or risk of injury" than aggravated robbery by threat. Tex.Code Crim.Proc.Ann. art. 37.09(2). Finally, robbery by bodily injury does not differ from aggravated robbery by threat solely because it requires only "a less culpable mental state" or because it consists of an attempt to commit the offense. *Id.* art. 37.09(3)-(4). We conclude that the charge on robbery by bodily injury submitted to the jury was not a lesser included offense of aggravated robbery as alleged in the indictment.

■■■ This does not end our inquiry because appellant did not lodge an objection to the jury charge in the trial court. In order to preserve error relating to the jury charge, the appellant must either object or request a charge. *Vasquez v. State*, 919 S.W.2d 433, 435 (Tex.Crim.App.1996). Otherwise, appellant must prove fundamental error in the jury charge by showing "egregious harm," error so egregious and creating such harm

that he did not receive a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984). This determination requires an examination of the record as a whole.

> [T]he actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.

*Id.*

Appellant argues the trial court's charge enabled the jury to convict him of a theory not alleged in the indictment. We believe the evidence was sufficient for the jury to conclude appellant was guilty of robbery by threat alone. Thus, we examine the record for this purpose:

> [W]hen the indictment facially alleges a complete offense and the instruction broadens the basis upon which the State can obtain a conviction, the reviewing court shall review sufficiency by comparing the evidence to the indictment as properly incorporated into the instruction, disregarding any language contained in the instruction which expands upon the theory set forth in the indictment.

*Fisher v. State*, 887 S.W.2d 49, 57 (Tex.Crim. App.1994).

■ The complainant testified that two men approached him at a pay phone. These two men were identified by the complainant as appellant and his co-defendant, Patricio Morales.[1] They told the complainant they needed help to get to their house. The complainant told them he did not have very much money with him. The defendants simply stood there without responding. Thinking

about what they would do to him if he told them he did not have any money, the complainant told the defendants "I can give you something." One of the defendants grabbed the complainant by the shirt. This defendant told the complainant to remain silent or he would die. He then knocked the complainant on the cement sidewalk, and the complainant bumped his head against the cement. Holding a knife to the complainant's throat, he demanded the complainant's money. The other defendant put a knife to the complainant's stomach and asked him where his money was located. The defendant with the knife to the complaint's throat ordered the other defendant to "cut him up." The defendants cut his watch off of his wrist and took his beeper and his money. The complainant testified that he was very afraid and that his head hurt very bad.

■ This evidence is sufficient for the jury to have concluded appellant was guilty of robbery by threat. We also note appellant makes no attempt to explain the *actual* harm from the trial court's charge.[2] *See Almanza*, 686 S.W.2d at 174 (requiring a review of the record to "illuminate the actual, not just theoretical, harm to the accused"). Furthermore, appellant cannot contend the indictment was insufficient to give notice of the controlling penal provision of the offense the State was alleging. *See Fisher*, 887 S.W.2d at 55 ("[T]he indictment must be sufficient to give notice of what offense the State is alleging so that the controlling penal provision can be identified."). The indictment alleged aggravated robbery. One element of aggravated robbery is the commission of "robbery as defined in Section 29.02." TEX. PENAL CODE ANN. § 29.03.

---

1. The complainant identified both defendants, but the complainant simply identified the defendants by the color of their clothing, both in court and at the time of the robbery. Therefore, the record does not reveal which defendant was responsible for which actions. However, the charge presented to the jury included instruction on the law of parties, and the jury could have found appellant responsible for the robbery by threat, even if his co-defendant actually threatened the complainant.

2. Citing to a long line of cases which hold that a variance between the indictment and the charge constitutes reversible error, appellant argues the defect in this charge was fundamental error and required no objection. *See e.g., Selman v. State*, 663 S.W.2d 838 (Tex.Crim.App.1984); *Robinson v. State*, 553 S.W.2d 371 (Tex.Crim.App.1977). However, the majority of the cases relied upon by appellant are pre-*Almanza*. *Almanza* clearly established that no charge error requires "automatic" reversal. *Almanza v. State*, 686 S.W.2d at 174.

After examining the indictment, the jury charge, and the evidence, we cannot conclude that appellant suffered egregious harm. The fact the jury might have found appellant guilty of robbery by bodily injury when the jury could have properly found appellant guilty of robbery by threat does not rise to the level of egregious harm. We overrule appellant's sole point of error. The judgment of the trial court is affirmed.