Joshua J. MORALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–98–00501–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 28, 1999.

Mary Casey Newton, Houston, for Appellant.

William Delmore, III, John B. Holmes, Houston, for State.

Panel consists of Justices·O'CONNOR, WILSON, and ANDELL.

MICHOL O'CONNOR, Justice.

Joshua J. Morales, the appellant, was indicted for aggravated robbery. A jury found the appellant guilty of the lesser included offense of robbery. After the appellant plead "true" to the enhancement paragraph, the jury assessed punishment at 40 years confinement. In one point of error, the appellant claims the allegations in the indictment do not support the instructions in the jury charge with respect to robbery. We affirm.

### Facts

The complainant went to a convenience store to use a pay telephone. After using the telephone, the complainant got in his vehicle to leave. The complainant testified the appellant opened the door, shoved something against his back, and told him "don't try anything or I'll f—k you up." The complainant testified the object in his back felt sharp "like a knife or something," but it did not break the skin. The appellant punched the complainant in the eye after taking a wallet, necklace, and cellular

phone. The appellant then left the convenience store parking lot.

The appellant testified he did not have a weapon when he confronted the complainant. He claims "the sharp object" felt by the complainant may have been one of his fingernails.[1] Additionally, the appellant stated he did not remember threatening the complainant, but he might have.[2]

The appellant was indicted for aggravated assault with a deadly weapon. The indictment stated the appellant "intentionally and knowingly threaten[ed] and place[d] [the complainant] in fear of imminent bodily injury and death" with an "unknown" deadly weapon. The instruction on aggravated robbery directed the jury to find the appellant guilty of aggravated robbery if it found he had "intentionally or knowingly threaten[ed] or place[d] [the complainant] in fear of imminent bodily injury or death" with an "unknown" deadly weapon. The trial court also included an instruction on robbery, stating if the appellant "intentionally or knowingly threaten[ed] or place[d] [the complainant] in fear of imminent bodily injury or death" or if he "intentionally or knowingly cause[d] bodily injury to [the complainant] by striking [the complainant] with his hand."

At the close of testimony, the appellant asked to add a different instruction on robbery based on bodily injury. After the objection was denied, the appellant objected to the robbery by bodily injury charge as it existed in the charge. The court overruled the appellant's request. The charge included aggravated robbery with threat of imminent bodily injury or death and robbery based on either threat of bodily injury or actual bodily injury.

## Analysis

In a single point of error, the appellant argues the trial court committed reversible error by including the instruction on robbery by bodily injury. He claims robbery by bodily injury is not a lesser included offense of aggravated robbery by threat of imminent bodily injury. He also claims the charge in the indictment must control the composition of the jury charge to preserve a defendant's ability to effectively defend against specific allegations by the State.

The State argues it was not reversible error to include robbery in the instruction as a lesser included offense of aggravated robbery because the appellant testified he committed robbery by bodily injury. Alternatively, the State argues even if it was error, it was not reversible error because the jury was authorized to convict the appellant of robbery by threat.

## Standard of Review

An erroneous jury charge does not result in automatic reversal of a conviction. Tex.Code Crim. P. art. 36.19; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.App.1985); *Duke v. State*, 950 S.W.2d 424, 426 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd). In reviewing the charge, we must determine: (1) whether there is error in the charge; and (2) whether sufficient harm resulted requiring reversal. *Hutch v. State*, 922 S.W.2d 166, 170–71 (Tex.Crim.App.1996); *Almanza*, 686 S.W.2d at 171; *Duke*, 950 S.W.2d at 426.

### A. Error in the Charge

We first examine whether there was an error in the charge. While the trial court has no jurisdiction to convict a defendant of an offense not charged in the indictment, a defendant may be convicted of an offense not in the indictment if it is a lesser included offense of the one charged. *Foster v. State*, 834 S.W.2d 494, 497 (Tex. App.—Houston [14th Dist.] 1992, no pet.). The determination of whether an offense is a lesser included offense is done on a case-by-case basis. *Jacob v. State*, 892 S.W.2d

---

1. The appellant testified he wears his fingernails long.

2. The appellant remembered "not telling him nothing ... just give me all his s—t."

905, 907 (Tex.Crim.App.1995); *Castillo v. State*, 944 S.W.2d 440, 442 (Tex.App.—Houston [14th Dist.] 1997, no pet.).

In some circumstances, robbery may constitute a lesser included offense of aggravated robbery. *Little v. State*, 659 S.W.2d 425, 426 (Tex.Crim.App.1983); *Teague v. State*, 789 S.W.2d 380, 381 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd). In *Castillo*, however, the court held robbery by bodily injury was not a lesser included offense of aggravated robbery by threat. 944 S.W.2d at 442. We agree.

Article 37.09 of the Code of Criminal Procedure states that an offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

Under the Penal Code, a person commits robbery if, in the course of committing a theft with the intent to obtain or maintain control of the property, the person (1) intentionally, knowingly, or recklessly *causes bodily injury* to another or (2) intentionally or knowingly *threatens* or places another in fear of imminent bodily injury or death. Tex. Pen.Code § 29.02(a) (emphasis added). Aggravated robbery is committed if a person commits robbery and (1) causes serious bodily injury to another, (2) uses or exhibits a deadly weapon, or (3) causes bodily injury or *threatens* or places a disabled person or a person sixty-five years old or older in fear of imminent bodily injury or death. *Id.* § 29.03(a).

The theory of aggravated robbery alleged in the indictment relied solely on robbery by threat with an unknown object. Robbery by bodily injury requires proof of more than the "some or less than all the facts" required to prove aggravated robbery by threat. Tex.Code Crim. Proc. art. 37.09(1); *Castillo*, 944 S.W.2d at 442. In a robbery by bodily injury, the State must prove actual physical pain, illness, or impairment of physical condition—not a threat of bodily injury. Tex. Pen.Code § 1.07(a)(8). Robbery by bodily injury is not a "less serious injury or risk of injury" than aggravated robbery by threat. Tex. Code Crim. Proc. art. 37.09(2); *Castillo*, 944 S.W.2d at 442. Robbery by bodily injury does not differ from aggravated robbery by threat solely because it requires "a less culpable mental state." Tex. Code Crim. Proc. art. 37.09(3). Robbery by bodily injury is not an attempt to commit aggravated robbery by threat. *Id.* at art. 37.09(4); *Castillo*, 944 S.W.2d at 442. Therefore, robbery by bodily injury does not meet the requirements of Article 37.09 in this case.

The instruction on robbery by bodily injury submitted to the jury was not a lesser included offense of aggravated robbery as alleged in the indictment. Therefore, it was error to include it in the jury charge. Now, we must determine if this error warrants reversal. *Almanza*, 686 S.W.2d at 171; *Duke*, 950 S.W.2d at 426.

**B. Sufficiency of Harm for Reversal**

When error in the charge is properly preserved by an objection, we will reverse except when the error is harmless. *Hutch v. State*, 922 S.W.2d 166, 170–71 (Tex.Crim.App.1996). This means that if the error caused any harm, regardless of degree, we will reverse. *Id.; see also Arevalo v. State*, 987 S.W.2d 164, 165 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (stating "must reverse if appellant shows any actual harm."). Because the appellant

preserved error through an objection to the charge, we proceed with the harm analysis.

■ In conducting the harm analysis, a reviewing court may consider the following factors: (1) the charge itself; (2) the state of the evidence, including contested issues and the weight of probative evidence; (3) arguments of counsel; and (4) any other relevant information revealed by the record of the trial as a whole. *Hutch*, 922 S.W.2d at 171; *Almanza*, 686 S.W.2d at 171.

■ The appellant claims he was harmed by the trial court's lesser included offense instruction because he would have been found "not guilty" of aggravated robbery by threat as the only charge alleged in the indictment.

### 1. The jury charge as a whole

The jury charge contained instructions on aggravated robbery by threat, robbery by threat, and robbery by bodily injury.

### 2. The state of the evidence

The appellant admitted to committing robbery by bodily injury, yet challenged the complainant's testimony alleging a threat with an unknown deadly weapon. The appellant testified that if someone made to him the same threat he allegedly made to the complainant, he would perceive the person intended to hurt him. The appellant himself admitted he punched the complainant in the face after taking the cellular phone, wallet, and necklace.

### 3. Arguments of counsel

The appellant requested an instruction on robbery at the trial, but objected to the charge given because it alleged a possible robbery that was not alleged in the indictment. During closing arguments, defense counsel told the jury: "... Mr. Morales is guilty of robbery ... he admitted that to you on the stand."

### 4. Other relevant information revealed by the record

The jury's verdict did not specify under which theory of robbery it found the appellant guilty.

### 5. Conclusion

We find the error in the jury charge did not harm the appellant because (1) the appellant does not challenge the instruction on robbery by threat in this appeal; (2) the jury charge contained instructions that would allow the jury to convict the appellant of robbery if he either (a) threatened or placed the complainant in fear of imminent bodily injury or death, or (b) caused bodily injury to the complainant by striking him with his hand; (3) there is sufficient evidence in the record to support a conviction of robbery by threat; and (4) the appellant's attorney argued to the jury in the closing statement that the appellant was guilty of robbery.