Affirmed as Reformed and Opinion filed June 27, 2002









Affirmed as
Reformed and Opinion filed
June 27, 2002.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-00-01297-CR

____________

 

FRANCISCO JAVIER SARMIENTO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
351st District Court

Harris
County, Texas

Trial Court Cause
No. 816,986

 



 

O P I N I
O N

Appellant
Francisco Javier Sarmiento was indicted for aggravated robbery.  The jury charge authorized conviction of the
appellant either as a principal or a party to the offense.  The jury returned a general verdict of guilty
and assessed 30 years= confinement and a $10,000 fine.  On appeal, appellant contests the legal and
factual sufficiency of the evidence to support his conviction as a principal or
a party; the failure of the trial court to instruct the jury on the
lesser-included offense of robbery; and the entry of an affirmative deadly
weapon finding.  Finding only the latter
complaint to have merit, we reform the judgment and affirm.

 








On the
morning of June 29, 1999, Pedro Nistal was getting out of his car in the
parking lot of the jewelry store he owned in Houston, when he heard a car
approaching him at high speed.  Turning,
he saw a woman driving, and then two men getting out of the car, one or both
wearing wigs.  The man from the front
seat held an automatic pistol, and the man from the back seat held a revolver.  Nistal recognized the former as appellant,
who had approached him in the same parking lot several weeks earlier around the
same time of the morning, accompanied at that time by the woman driving the
car. 

Nistal
reached for a gun he kept in his car, but was shot several times (he did not
know by whom) before he could take aim. 
He saw appellant=s accomplice reach over him and take his briefcase from his
car.  Nistal suffered injuries to his
right elbow, right lower leg, jaw, and abdomen; he lost the ability to walk and
the normal function of his right arm. 

One of
Nistal=s employees, Nelly Miranda, and her
husband, Salvador Arcilla, were stopped at a red light in front of the
store.  They saw two people running from
the parking lot, a man with short hair and a person with long hair they thought
was a woman.

Rosa
Flores was driving nearby when she heard the gunshots, and saw a car coming out
of a parking lot in reverse, driven by a woman, with a Hispanic man in the
front passenger seat.  She saw another
Hispanic man with long, black hair running toward the car with a briefcase and
gun.  She drove to a nearby bank to find
a police officer.  

Officer
Robert Manzo, who had also heard the gunshots, returned with Ms. Flores to the
parking lot, and broadcasted a description of the car and the suspects on
police radio.  About five minutes later,
Officer Gerardo Rodriguez stopped a car matching the description with three
occupants inside.  When the officers
stopped the car, the appellant was in the front passenger seat and his sister
was in the driver=s seat.  In the
backseat, they found Walter Flores with bullets for a .357 revolver in his
pockets, as well as a long, black wig, a .357 Ruger revolver, a long kitchen
knife, a taser or stun gun, and a black tote bag containing four bank
bags.  








Rosa
Flores identified Walter Flores as the man she saw wearing a wig and running
toward the maroon car.  She could not
identify appellant.  Only Pedro Nistal
identified appellant as one of the participants. 

In his
interview with police, appellant admitted he and Walter Flores purchased a .357
black handgun for $50 two months earlier. 
He admitted Flores told him about the planned robbery and where it would
happen.  His answers were inconsistent
about whether he knew the robbery was going to take place on the day it did,
but he admitted he knew Flores was carrying a bag containing a wig and the gun
on June 29th.  He also said Flores
promised to help him and his sister with some money for giving him a ride to the
parking lot that day.  He denied ever
holding a weapon, stating Flores fired the gun, grabbed the man=s black bag, returned to the car, and
told him ALet=s go.@ 


At
trial, appellant denied knowing the robbery was to happen, and denied knowing
Flores had a gun or a wig, admitting only that he saw something Asmooth@ that was like a wig.  He testified he gave Flores a ride only to be
nice and not because he was expecting any money.  In addition, he said he was only going to
drop Flores off and not wait for him, and denied ever getting out of the
car.  Appellant said he had not
understood some questions during the police interview and was nervous, as he
was from Honduras, had only a first-grade education, and could not read either
English or Spanish.              

                                       Legal
and Factual Sufficiency

In his
first point of error, appellant argues the evidence was legally and factually
insufficient to convict him of aggravated robbery, either as a principal or as
a party.  We follow the usual standards
of review.  See Vasquez v. State,
67 S.W.3d 229, 236 (Tex. Crim. App. 2002). 









Appellant
was charged in the indictment with threatening Pedro Nistal and placing him in
fear of imminent bodily injury while in the course of committing theft and of
using or exhibiting a deadly weapon.  See Tex. Pen. Code ' 29.03 (a)(2).  The charge allowed the jury to convict him
for his own conduct or the conduct of another if, acting with the intent to
promote or assist the commission of the offense, he solicited, encouraged,
directed, aided, or attempted to aid the other person to commit the
offense.  See Tex. Pen. Code ' 7.02(a)(2).  Because the jury returned a general verdict,
the evidence is sufficient if it supports a finding of liability under either
theory.  See Ladd v. State,
3 S.W.3d 547, 557 (Tex. Crim. App. 1999).

Appellant
points to the conflicting testimony of the eyewitnesses, the inability of some
of them to identify him, and that all of the physical evidence was found by the
police in the back seat of the car near Walter Flores.  But appellant acknowledged in his police
interview that he helped buy the gun used in the shooting, was aware of Flores=s plan and where it would take place,
knew Flores had the gun and wig with him, and consented to give Flores a ride
to the jewelry store parking lot on the day of the offense.  Furthermore, Nistal identified him from their
previous encounter in the parking lot (supporting an inference that he engaged
in reconnaissance in preparation for the offense), and testified that appellant
pointed what looked like an automatic handgun at him.  This evidence is legally and factually
sufficient to support the jury=s verdict of aggravated robbery.  We overrule appellant=s first point of error.

                                              Lesser-Included-Offense
Instruction

In his
second point, appellant argues the trial court erred in refusing to submit an
instruction on the lesser-included offense of robbery.  A charge on a lesser-included offense is
required if (1) the elements of the lesser offense are included within the
proof necessary to establish the greater, and (2) some evidence exists in the record to permit a jury rationally to find the
defendant guilty only of the lesser offense. Lofton v. State, 45 S.W.3d
649, 651 (Tex. Crim. App. 2001). The State does not contest the first prong,
that robbery can constitute a lesser-included offense of aggravated robbery.  See Castillo v. State, 944 S.W.2d 440,
442 (Tex. App.CHouston [14th Dist.] 1997, no
pet.).  But the State does contest
whether there was some evidence that appellant was guilty only of the lesser
offense.  








If a defendant presents no evidence or
evidence that he did not commit any offense, he is not entitled to a
lesser-included offense instruction.  Jones
v. State, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998) (quoting Bignall v.
State, 887 S.W.2d 21, 22 (Tex. Crim. App. 1994)).  But if there is evidence in his testimony
that would support conviction of the lesser-included offense, it is not
dispositive that this evidence conflicts with other parts or the larger theme
of his testimony.  Id.  The jury is free to believe or disbelieve any
part of a witness=s
testimony, but its verdict must be rational. 


To be
guilty of robbery but not aggravated robbery, an accused must intend to
commit theft by threatening another with imminent bodily injury or death without
the use of a deadly weapon.  See Tex. Pen. Code '' 29.02 & 29.03.  Appellant testified at trial this was not his
intent:

Q:        [Y]ou planned the robbery, you wanted to
rob the man, I mean, it wasn=t part of your plan that somebody would get shot, but it
happened; isn=t that true, sir?

A:        I didn=t plan anything.

In fact, during his
testimony appellant denied everything C helping Flores buy a gun, planning a
robbery with him, meeting Nistal on an earlier occasion in the parking lot, or
even seeing Flores with a wig, stun gun, or revolver on June 29th.   He testified he had never seen the revolver
at issue until trial, asserting it was a Acoincidence@ that he correctly described it in
his statement as a black .357 revolver.

Nevertheless,
he argues on appeal that a jury could have been persuaded he was guilty only of
robbery based on the following evidence: (1) his testimony that he did not know
Flores had a gun with him, (2) the stun gun found in the car shows he Amay have@ approached Nistal with it (rather
than a deadly weapon), and (3) Rosa Flores=s testimony that she only saw one man
after hearing the shots might mean he was not present when the shots were
fired.








We hold
these facts are no evidence that appellant committed the lesser crime but not
the greater.  First, assuming a jury
believed that appellant did not know about the deadly weapon, we do not see how
they could find he intended to rob Nistal nonetheless.  But for the deadly weapon, there was no
evidence to suggest how appellant intended that he or Flores would threaten
Nistal C a jewelry store owner likely to be
armed[1]
C with imminent bodily injury in broad
daylight in a public place.

Second,
no one testified that the stun gun found in the car (or the knife, for that
matter) was used during the robbery, or that appellant and Flores intended to
threaten Nistal with it alone.[2]  While Nistal testified that both men held
guns, he described the one held by appellant as an Aautomatic pistol.@ 
There was no evidence to the contrary. 
We do not think a jury could speculate from the mere existence of
various implements somewhere in the car that Nistal was wrong and some other
implement must have been used.

Finally,
we do not think a witness=s testimony that she saw one man running toward the getaway
car is evidence that only one man participated in the robbery.  Consequently, the appellant was not entitled
to an instruction on the lesser-included offense of robbery, and we overrule
appellant=s second point of error.    

                                             Deadly
Weapon Finding 

In his
third point, appellant argues that because he was charged as a party and there
was no affirmative jury finding establishing that he used or exhibited the
weapon himself or that he knew a deadly weapon would be used or exhibited, the
judgment must be reformed to delete the finding.  See Tex.
Code Crim. Proc. Ann. art. 42.12 ' 3g (a)(2).








The jury
found appellant guilty of aggravated robbery, impliedly finding that as a
principal or party he used or exhibited a deadly weapon. The trial court
entered an affirmative finding of a deadly weapon by circling AYes@ on a pre‑printed form.  The form did not indicate that appellant was
convicted as a party.  The jury was the
trier of fact for guilt-innocence and punishment.  Consequently, the jury was the proper fact
finder to decide the deadly weapon issue. 
Davis v. State, 897 S.W.2d 791, 793 (Tex. Crim. App. 1995).

Our
sister court has held that to find a person guilty of aggravated robbery as a
party, a jury must find the defendant intended the use or exhibition of the
deadly weapon, and thus a separate deadly-weapon finding by the jury is not
necessary.  Johnson v. State, 6
S.W.3d 709 (Tex. App.CHouston [1st Dist.] 1999, pet. ref=d).  However, this Court has repeatedly held to
the contrary.  See, e.g., Taylor v.
State, 7 S.W.3d 732, 740B41 (Tex. App.CHouston [14th Dist.] 1999, no pet.); Tate v. State,
939 S.W.2d 738, 753B54 (Tex. App.CHouston [14th Dist.] 1997, pet. ref=d); Pritchett v. State, 874
S.W.2d 168, 172 (Tex. App.CHouston [14th Dist.] 1994, pet. ref=d). 
Other courts of appeals appear to agree with our previous opinions.  Barnes v. State, 62 S.W.3d 288, 303B04 (Tex. App.CAustin 2002, pet. ref=d); Enlow v. State, 46 S.W.3d
340, 345 (Tex. App.CTexarkana 2001, pet. ref=d). 


Short of
en banc consideration, we must follow our previous cases.  See
O=Connor
v. First Court of Appeals, 837
S.W.2d 94, 96 (Tex. 1992) (stating decision of panel constitutes decision of
the whole court unless court chooses to hear case en banc). 
Thus, we
sustain appellant=s third point of error and order that the affirmative deadly
weapon finding be deleted from the judgment.

As
reformed, we affirm the trial court=s judgment.

 

/s/        Scott
Brister

Chief Justice

 

Judgment rendered and
Opinion filed June 27, 2002.

Panel consists of Chief
Justice Brister and Justices Fowler and Seymore.

Do Not Publish C Tex.
R. App. P. 47.3(b).











[1]  Nistal
testified that he always carried an automatic pistol with him when he arrived
at his store in the morning, and that he had the pistol in his hand when he met
Sarmiento and his sister on the earlier occasion in the parking lot.





[2]  Appellant=s testimony was just the opposite:

Q:   Was it your
plan, Mr. Sarmiento, just to stun Mr. Nistal while you took his property?

A:   No, sir.