# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 3, 2010

No. 09-50673
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDWIN JOSE ESCOBAR-ORTEZ, also known as Jose Carlos Rodriguez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-995-1

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Edwin Jose Escobar-Ortez (Escobar) pleaded guilty to illegal reentry following deportation. Because Escobar had been convicted of a crime of violence - robbery in Texas - prior to deportation, the presentence report recommended increasing his offense level by 16 levels, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).

At sentencing, Escobar argued that although the Government submitted the judgment and the indictment regarding his robbery conviction in Texas, those documents were not sufficient to prove that Escobar had committed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

robbery. Specifically, Escobar argued that although he was charged with aggravated robbery, he pleaded guilty to a lesser charge. In support of this argument, Escobar relied on the state court judgement. Typed on the judgment, which is a preprinted form, is the statement that Escobar was charged with "aggravated robbery, a 1st degree felony offense as charged in the indictment." Preprinted next on the judgment is the statement that "the State having filed [a] written Motion to reduce the offense charged to the lesser and included misdemeanor offense of:" followed by the typed statement "robbery a 2nd degree felony offense as charged in the indictment." Escobar argued that because the preprinted term "lesser and included misdemeanor offense" conflicts with the typed term "robbery a 2nd degree felony," the Government had not proven that he committed a robbery. The district court overruled Escobar's objection and determined that Escobar's guidelines range was 37 to 46 months in prison. The court sentenced Escobar to 37 months in prison and to three years of supervised release.

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), this court engages in a bifurcated analysis of the sentence imposed by the district court. *United States v. Delgado-Martinez,* 564 F.3d 750, 752 (5th Cir. 2009). The court first examines whether the district court committed any procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range . . . ."*Gall*, 552 U.S. at 51. If there is no such error or the error is harmless, the reviewing court may proceed to the second step and consider the substantive reasonableness of the sentence. *See Delgado-Martinez,* 564 F.3d at 751-53.

Escobar argues here that the Government did not carry its burden of proving that he had been convicted of robbery. Escobar reasons that based on the contradictions in the judgment cited above, he was convicted of either a

2

lesser included misdemeanor offense or a 2nd degree felony robbery.  Escobar argues that in Texas, theft is a lesser included offense of robbery, and based on the facts of his offense, his conviction could have been for a Class B misdemeanor theft offense.  Escobar concedes that Texas robbery is a "crime of violence" under the Guidelines based on *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 378 (5th Cir. 2006).

The Government responds that the facts alleged in the indictment, that Escobar cut and stabbed his victim with a broken bottle in the course of committing theft of his victim's cash, tracks the language of the Texas robbery offense.  The Government also responds that the manually-entered information on the judgment establishes that Escobar was convicted of robbery and that that information controls over the printed information.

This court reviews the district court's interpretation or application of the Guidelines de novo and its factual findings for clear error.  *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  The Government bears the burden of proving by a preponderance of the relevant and reliable evidence the facts supporting a sentencing enhancement, including prior convictions.  *United States v. Rodriguez*, 523 F.3d 519, 524 (5th Cir. 2008).

Because the typed portion of the judgment conflicts with the preprinted portion of the judgment, we find that the typed portion of the judgment controls.  *See THE ADDISON E. BULLARD*, 258 F. 180, 182 (5th Cir. 1919); *see also Thomas v. Taggart*, 209 U.S. 385, 389 (1908).  The typed portion of the judgment provides that Escobar pleaded guilty to "robbery a 2nd degree felony offense as charged in the indictment." Texas robbery is characterized as a crime of violence for the purposes of a 16-level enhancement pursuant to § 2L1.2(b)(1)(A)(ii). *Santiesteban-Hernandez*, 469 F.3d at 381.

Moreover, the charges in the indictment analyzed in light of the offenses of robbery by bodily injury and simple theft show that Escobar could not have pleaded guilty to the lesser included offense of simple theft.  Initially, what

3

constitutes a lesser included offense in Texas is defined by statute, and that definition applies to guilty pleas and to trials. *See Murray v. State*, 302 S.W.3d 874, 877 (Tex. Crim. App. 2009); TEX. CODE CRIM P. art. 37.09.

The theory set forth in the indictment indicates that Escobar committed theft by inflicting bodily injury by stabbing and cutting the victim with a broken bottle. These facts could constitute robbery by bodily injury. *See Castillo v. State*, 944 S.W.2d 440, 442 (Tex. App. 1997). However, they could not constitute simple theft. *See* TEX. PENAL CODE § 31.03; *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994). In *Bignall*, the court stated that "if any evidence exists in the record that would permit a rational jury to find that a deadly weapon was not used or exhibited, Appellant is entitled to an instruction on theft." *Id.* at 23. Because Escobar pleaded guilty "as charged in the indictment," he admitted to cutting and stabbing his victim with a broken bottle, which negates any argument that he could have pleaded guilty to the lesser included offense of simple theft. *Id.*

Thus, the district court did not err by finding that the Government proved that Escobar had been convicted of robbery, a crime of violence, prior to deportation and that a 16-level enhancement to his base offense level was warranted. The district court's decision is AFFIRMED.