Robert Lee HOUSTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 55375.

Court of Criminal Appeals of Texas.

Oct. 5, 1977.

Bob D. Odom (Court-appointed on appeal only), Killeen, for appellant.

Arthur C. Eads, Dist. Atty., and James T. Russell, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This appeal is from a conviction for rape in a trial before the court in trial court Cause No. 25,145, conducted February 11, 1977. Punishment was assessed at eight years.

In his sole ground of error, appellant argues the court erred in overruling his plea of former jeopardy.

Appellant was originally charged by indictment presented October 13, 1976, with burglary of a habitation with intent to commit rape. On December 2, 1976, in a trial before the court on this charge in Cause No. 24,944 in the District Court of Bell County evidence was heard including testimony of the owner of the habitation that appellant had raped her on this occasion. After both parties closed, the court expressed doubt that the evidence established appellant's guilt of burglary, and found him guilty "of Rape, a lesser offense than the indictment," and assessed punishment at twelve years. Notice of appeal was timely given.[1]

The record also shows that on December 8, 1976, subsequent to the trial of Cause No. 24,944, supra, an indictment was presented charging appellant with rape of the owner of the habitation on or about September 1, 1976, which indictment was filed as case No. 25,145 in the District Court of Bell County. On January 14, 1977, while preparations were being made to complete the appellate record in Cause No. 24,944, supra, the State's motion to dismiss that case was granted by the trial court, and order was entered dismissing said Cause No. 24,944.

On January 27, 1977 Cause *No. 25,145* was called for trial. Appellant's motion to dismiss on the ground of double jeopardy

because of his conviction for the same offense in No. 24,944 was overruled. Thereupon, appellant, subject to his plea of jeopardy, plead guilty to the charge of rape, and after hearing evidence including a judicial confession the court convicted him of rape and assessed punishment at eight years. The appellate record establishes definitely that this was the same rape for which appellant had been convicted as a lesser offense of burglary of a habitation in Cause *No. 24,944*, supra.

*Ward v. State*, Tex.Cr.App., 520 S.W.2d 395, involved the following set of circumstances. The defendant at a prior trial had been convicted of the same offense as that from which his present appeal was taken. Judgment was rendered, motion for new trial was overruled, defendant was sentenced, and notice of appeal given. Before the appellate record was completed, the trial judge discovered that the indictment was fatally defective, and entered a second order granting a new trial. He then dismissed the case. A new valid indictment was returned and in a second trial defendant's plea of former jeopardy was overruled, and he was convicted. On appeal, this Court held that the conviction on the fatally defective indictment was a nullity, and that "Jeopardy did not attach as a result of the first trial on the fatally defective indictment." See also *Thompson v. State*, Tex.Cr.App., 527 S.W.2d 888, holding that an acquittal in a case where the indictment was fatally defective is a nullity and does not bar a second prosecution on a new and valid indictment.

The issue arises whether the trial court had jurisdiction to convict appellant of rape as a lesser included offense under an indictment charging only the offense of burglary with intent to commit rape. In other words, is the offense of rape a lesser included offense under the indictment for burglary with intent to commit rape; and, if not, was the conviction for rape in the first trial a nullity preventing the bar of jeopardy

---

1. The record on appeal includes the proceedings in the trial of Cause No. 24,944, including the indictment, statement of facts, judgment, sentence and notice of appeal.

from affecting the second trial on the indictment for rape.

Art. 37.09, V.A.C.C.P., provides that

"An offense is a lesser included offense if:

"(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

"(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

"(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

"(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

"Amended by Acts 1973, 63rd Leg., p. 968, ch. 399, Section 2(A), eff. Jan. 1, 1974."

 This Court has thoroughly discussed the rules governing lesser included offenses, and such discussion need not be repeated here. See *Sutton v. State*, 548 S.W.2d 697; *Day v. State*, Tex.Cr.App., 532 S.W.2d 302; *Raven v. State*, Tex.Cr.App., 533 S.W.2d 773; *Hazel v. State*, Tex.Cr. App., 534 S.W.2d 698; *Jones v. State*, Tex. Cr.App., 532 S.W.2d 596. The offense of theft is not a lesser included offense of a charge of burglary with intent to commit theft, where the indictment does not expressly charge the commission of theft. *Franks v. State*, Tex.Cr.App., 516 S.W.2d 185; *Hardin v. State*, Tex.Cr.App., 458 S.W.2d 822. The offenses of rape and burglary with intent to commit rape are separate and distinct offenses, and a conviction of an accused for rape will not bar a subsequent conviction of the same accused for burglary with intent to commit rape involving the same transaction. *Jones v. State*, Tex.Cr.App., 514 S.W.2d 255. See also *Pena v. State*, Tex.Cr.App., 442 S.W.2d 691; *Bingham v. State*, Tex.Cr.App., 523 S.W.2d 948. We hold that the offense of rape is not a lesser included offense under an in-

dictment charging only the commission of the offense of burglary with intent to commit rape.

 Since rape is not a lesser included offense of burglary with intent to commit rape, there was no valid indictment before the court in Cause No. 24,944 charging rape, and the court was without jurisdiction to convict appellant for rape. See *Van Arsdale v. State*, 149 Tex.Cr.R. 639, 198 S.W.2d 270; *Ex parte Dies*, 160 Tex.Cr.R. 468, 272 S.W.2d 373; *Carillo v. State*, 172 Tex.Cr.R. 489, 358 S.W.2d 635. See also *Tomlin v. State*, 155 Tex.Cr.R. 207, 233 S.W.2d 303. In the absence of jurisdiction, the judgment of conviction was a nullity, and the trial court properly entered its order dismissing that case. See *Ward v. State, supra*. See also *Thompson v. State, supra*. Jeopardy did not attach as a result of that trial and judgment. See *Jones v. State, supra* (514 S.W.2d 255).

Appellant's ground of error is overruled. The judgment is affirmed.

Opinion approved by the Court.