**Nelda Verdean ADAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–0589–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 26, 1985.

Ellis C. McCullough, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Timothy G. Taft, Felipe Rendon, Harris County Asst. Dist. Attys., Houston, for appellee.

Before JACK SMITH, HOYT and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

A jury found appellant guilty of burglary of a habitation enhanced by two prior convictions, and assessed her punishment at 40 years confinement. The sufficiency of the evidence to support the finding of guilt is undisputed. Appellant urges two closely related grounds of error on appeal. We affirm.

Appellant asserts that the trial court committed reversible error: (1) by denying her motion to quash and dismiss the second enhancement paragraph in the indictment; and (2) by allowing proof of this enhancement paragraph into evidence at the punishment phase of trial, since the proof showed on its face that the prior conviction was void. Appellant contends that her prior conviction in cause no. 335,765, the offense alleged in this enhancement paragraph, is void because the indictment is for aggravated robbery, but the conviction is for theft from the person.

When a defendant is charged by indictment, a trial court is without jurisdiction to try that defendant for an offense not charged in the indictment unless the offense tried is a lesser included offense of that charged. In the absence of jurisdiction, a judgment of conviction is a nullity. *Houston v. State*, 556 S.W.2d 345, 347 (Tex.Crim.App.1977).

Tex.Code Crim.P.Ann. art. 37.09 (Vernon 1981) states:

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same per-

son, property, or public interest suffices to establish its commission;

 (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

 (4) it consists of an attempt to commit the offense charged or an otherwise included offense.

Theft as a lesser included offense of aggravated robbery does not fit squarely within art. 37.09. It does not fit subsection (1) because theft requires an appropriation of property, Tex.Penal Code Ann. art. 31.-03(a), whereas robbery requires only that a person be in the course of committing theft and have intent to obtain or maintain control of the property. Tex.Penal Code Ann. art. 29.02(a). However, when a defendant requests a jury instruction on a lesser included offense, the Court of Criminal Appeals has held that theft is a lesser included offense of aggravated robbery when the state's evidence shows a completed theft. *Campbell v. State,* 571 S.W.2d 161, 162 (Tex.Crim.App.1978). The record before us indicates that appellant entered a plea of guilty in cause no. 335,765 to the offense of theft from the person. The rule should not be narrower when a defendant pleads guilty by agreement to a reduced charge than it is when a jury is called on to make the guilt determination.

 ■ Appellant contends that the elements of theft were not proved in cause no. 335,765, and therefore theft was not a lesser included offense in that case. Since appellant is making a collateral attack on a prior conviction, it is appellant's burden to show the prior conviction was void. *Acosta v. State,* 650 S.W.2d 827, 829 (Tex.Crim. App.1983). From the record before us, we cannot ascertain whether in the prior trial there was proof of theft.

 ■ In a hearing on her motion to quash, appellant introduced into evidence stipulations signed by appellant, which had been evidence in cause no. 335,765. The stipulations used the language of the indictment charging aggravated robbery, but contained the hand-written notation, "Reduced to theft from person." Although the stipulations do not contain facts necessary to prove a completed theft, the record does not reflect whether there was, additionally, oral testimony at that prior trial. If written stipulations are entered in evidence on a guilty plea, the reviewing court still considers the oral testimony to determine if there is evidence of the offense of which appellant is convicted. *Dinnery v. State,* 592 S.W.2d 343, 351–54 (Tex.Crim.App. 1979) (op. on reh'g). A judicial confession, standing alone, is sufficient proof to support a conviction upon a guilty plea. *Craven v. State,* 607 S.W.2d 527, 528 (Tex. Crim.App.1980).

 ■ Oral stipulations, testimony of other witnesses, or appellant's own testimony may have been heard at trial to provide proof of facts showing a completed theft. Since the whole record is not before us, we are unable to say there was no proof of theft in the trial of cause no. 335,765. Appellant has not met her burden of demonstrating that her prior conviction was void. Appellant's grounds of error are overruled.

 The judgment is affirmed.