J.D. FOSTER, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–92–00106–CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 25, 1992.

William E. Parham, Houston, for appellant.

Scott A. Durfee, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, J.D. Foster, appeals his judgment of conviction for the offense of aggravated assault. TEX.PENAL CODE ANN. § 22.02 (Vernon 1992). Appellant pled not guilty to the jury for the indicted offense of burglary of a habitation with the intent to commit aggravated assault. The court charged the jury on the offense of burglary of a habitation with intent to commit aggravated assault and also charged them on the offense of aggravated assault as a lesser included offense of the burglary offense. The jury acquitted appellant of burglary of a habitation, with intent to commit aggravated assault and found him guilty of aggravated assault.

The jury, after finding the enhancement paragraph of the indictment to be true, assessed punishment at twenty (20) years confinement in the Institutional Division of the Texas Department of Criminal Justice and a five hundred (500) dollar fine. We reverse the trial court's aggravated assault judgment and find that it is void, and order that appellant be acquitted of the offense of burglary of a habitation with intent to commit aggravated assault.

The relevant facts are as follows: Ranata Shiner, the complainant, testified that she had known appellant since 1987 and that they had a romantic relationship starting about two months after they met. They lived together at different times during the next four years. Due to their finances they each had to go live with their mothers on different occasions.

On February 12, 1991, the date of the offense, she was living with her mother, brother and her son in a two bedroom apartment on Bissonnet Street in Houston, Texas. She also stated that appellant did not live there and has never spent the night in that apartment and did not have a key to the apartment. She did say that she and appellant were still friends but were not romantically involved anymore.

On February 12, 1991, at 8:30 p.m., she was in her apartment with her son Christopher, running bath water for her son. As she went to another part of the apartment, she saw appellant kick the back door of the apartment in and come at her with a screwdriver. Appellant stabbed her in her back and head approximately six times.

Dr. Mark Stam testified that Ms. Shiner had several puncture wounds and one of the wounds caused her to have a collapsed lung. He also stated that this was a serious injury, and without treatment it would cause death.

Appellant testified that he had a romantic relationship with Ms. Shiner since 1987. He stated that on February 12, 1991, he was living with Ms. Shiner, her mother, brother and son on Bissonnet and was paying some of the rent. On February 12,

1991, he got up and went looking for a job. He returned home around 8:30 p.m. and looked through a window. He saw Ms. Shiner in bed with another man. He had a key to unlock the door but it was unlocked. He had to push the door open because something was behind it. The man left soon after appellant entered. Appellant had no conversation with this man, but he did get into a heated discussion with Ms. Shiner. He stated that he did not have a screwdriver or any weapon. Ms. Shiner had a small knife in her hand. She got violent and appellant pushed her against the door and according to appellant that is when she received her injuries.

■ Appellant asserts in his sole point of error that the trial court did not have jurisdiction to convict appellant for the offense of aggravated assault. We agree. Appellant contends that because aggravated assault was not a lesser included offense of burglary of a habitation with intent to commit aggravated assault, the trial court was thus not empowered to submit a charge on that offense to the jury.

The State concedes that aggravated assault is not a lesser included offense of burglary of a habitation with intent to commit aggravated assault. However, the State contends that *appellant* requested the charge on aggravated assault and because appellant sought this charge, he cannot thereafter complain on appeal of the trial court's acquiescence to his request. We disagree with the State, the record does not reveal that appellant requested a charge on aggravated assault: The record reveals that prior to final arguments, the trial court asked for objections to the jury charge. The charge an aggravated assault was already included in the charge of the court. The State answered that it had no objection. Appellant responded as follows:

The defense only has one objection, Your Honor, that the defense had asked the Court for a lesser included offense of plain assault, that the elements of plain assault are already set out in the definition of assault in the jury charge and that there has been testimony that there was an assault that took place of some

kind. We would ask that the Court enter a lesser included offense of plain assault, also, as well as the aggravated assault.

The trial court overruled this objection.

Appellant, did not make an objection to the inclusion of the aggravated assault charge, therefore, appellant did not waive his complaint to this charge. Also, this is a jurisdictional defect which cannot be waived.

We find that the trial court erred in submitting a charge on aggravated assault as a lesser included offense of burglary of a habitation with intent to commit aggravated assault.

The burglary allegation of the indictment charged, in relevant part, that appellant:

... on or about February 12, 1991 did than and there unlawfully with intent to commit aggravated assault, enter a habitation owned by RANATA SHINER, a person having a greater right to possession of the habitation than the Defendant and hereafter styled the Complainant, without the effective consent of the Complainant, namely, without any consent of any kind.

The trial court charged the jury, in relevant part, as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 12th day of February, 1991, in Harris County, Texas, the defendant, J.D. Foster, did then and there unlawfully with intent to commit aggravated assault, enter a habitation owned by Ranata Shiner, a person having a greater right to possession of the habitation than the defendant and without the effective consent of Ranata Shiner, namely, without any consent of any kind, than you will find the defendant guilty of burglary of a habitation with intent to commit aggravated assault, as charged in the indictment. Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of burglary of a habitation with intent to commit aggravated assault and next consider whether the defendant is guilty of aggravated assault.

Assault and aggravated assault are previously defined for you in this charge. Now, if you find from the evidence beyond a reasonable doubt that on or about the 12th day of February, 1991, in Harris County, Texas, the defendant, J.D. Foster, did then and there unlawfully intentionally or knowingly cause serious bodily injury to Ranata Shiner, hereinafter styled complainant, by striking the complainant with a screwdriver, then you will find the defendant guilty of aggravated assault.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of aggravated assault.

If you believe from the evidence beyond a reasonable doubt that the defendant is guilty of either burglary of a habitation with intent to commit aggravated assault or aggravated assault, but you have a reasonable doubt as to which of said offenses he is guilty, then you must resolve that doubt in the defendant's favor and find him guilty of the lesser offense of aggravated assault.

 The trial court is without jurisdiction to convict a defendant of an offense not charged in the indictment. *Houston v. State,* 556 S.W.2d 345, 347 (Tex.Crim.App. 1977). A trial court may convict a defendant of an offense not charged in the indictment if the offense is a lesser included offense of the one charged. *Teague v. State,* 789 S.W.2d 380, 381 (Tex.App.— Houston [1st Dist.] 1991, pet. ref'd). An offense is a lesser included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM.PROC.ANN. art. 37.09(1) (Vernon 1982). It is conceded by the State that aggravated assault is not a lesser included offense of burglary of a habitation with intent to commit aggravated assault, and we so hold. We sustain appellant's sole point of error.

We find that the trial court s judgment of conviction for aggravated assault is void and vacate such judgment. We order that the trial court enter a judgment of acquittal as to the indicted charge of burglary of a habitation with intent to commit aggravated assault because the jury by their verdict acquitted appellant.

Accordingly, the judgment of the trial court is reversed and ordered vacated.