**Irma Irene JACOB, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–92–00597–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 14, 1993.

Roy Beene, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before ROBERTSON and CANNON, JJ., and ROBERT E. MORSE, Jr., Former J. (Sitting by Designation).

## MAJORITY OPINION

ROBERT E. MORSE, Jr., Former Justice.

This is an appeal from a conviction for aggravated assault. Appellant Jacob complains that her conviction cannot stand because aggravated assault is not a lesser included offense of the charged offense of burglary with intent to commit aggravated assault. We reverse.

Since there is no challenge to the sufficiency of the evidence, we very briefly summarize the facts in the light most favorable to the verdict. Jacob and a co-defendant knocked on complainant's front door. When the complainant opened the door, they pulled her outside to a stairway and beat her. Appellant Jacob was indicted for burglary of a habitation with intent to commit aggravated assault (count one) and burglary of a habitation with intent to commit murder (count two). After a bench trial, the trial court found Jacob guilty of the lesser offense of aggravated assault. Jacob appeals.

■ In her sole point of error, Jacob complains that the trial court erred in finding her guilty of the lesser offense of aggravated assault because aggravated assault is not a lesser included offense of burglary with intent to commit aggravated assault.

■ A trial court does not have jurisdiction to convict a defendant of an offense not charged in the indictment. *Houston v. State*, 556 S.W.2d 345, 347 (Tex.Crim.App.1977); *Foster v. State*, 834 S.W.2d 494, 497 (Tex. App.—Houston [14th Dist.] 1992, no pet.) There is an exception when the conviction is for an offense that is a lesser included offense of the charged offense. *Foster, supra.* "An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts *required to establish* the commission of the offense charged...." Tex.Code Crim.Proc.Ann. art. 37.09(1) (Vernon 1981) (emphasis added). In other words, a defendant necessarily has notice of the State's intent to prove up the lesser included offense when the facts needed to prove the lesser offense are the same facts or a subset of the same facts needed to prove the greater offense.

Jacob does not challenge the sufficiency of the evidence of aggravated assault. Therefore, the dispositive question on appeal is whether aggravated assault is established by the same or less than all the facts required to established burglary with intent to commit aggravated assault. We find that it is not.

In pertinent part, § 30.02 of the penal code provides:

§ 30.02. Burglary

(a) A person commits an offense if, without the effective consent of the owner, he:

(1) enters a habitation, or a building . . . not then open to the public, *with intent to commit* a felony or theft; or

(2) remains concealed, with intent to commit a felony or theft, in a building or habitation; or

(3) enters a building or habitation and commits or attempts to commit a felony or theft.

     *     *     *     *     *     *

Tex.Penal Code Ann. § 30.02(a) (Vernon 1989) (emphasis added).

Jacob's indictment alleged, in pertinent part:

... IRMA IRENE JACOB, hereafter styled the Defendant, heretofore on or about APRIL 10, 1991, did then and there unlawfully, *with intent to commit AGGRAVATED ASSAULT*, enter a habitation owned by PAMELA ANN MOORE, a person having a greater right to possession of the habitation than the Defendant and hereafter styled the Complainant, without the effective consent of the Complainant, namely, without any consent of any kind. (Emphasis added.)

Jacob was indicted for the § 30.02(a)(1) type of burglary, i.e., entry with intent to commit the felony of aggravated assault.

"If the burglarious entry is made with the intent to commit a felony ..., the offense is complete whether any felony ... ever subsequently happens." *Garcia v. State*, 571

S.W.2d 896, 899 (Tex.Crim.App.1978). Therefore, facts required to prove Jacob's burglary did not include the facts establishing Jacob's aggravated assault, and aggravated assault is not a lesser included offense of § 30.02(a)(1) burglary. *See Foster, supra* at 496 (trial court did not have jurisdiction to convict appellant for aggravated assault because aggravated assault is not a lesser included offense of burglary of a habitation with intent to commit aggravated assault); *see also Garcia, supra* (theft is not a lesser included offense of burglary with intent to commit theft); *De Albuquerque v. State,* 712 S.W.2d 809, 813 (Tex.App.—Houston [1st Dist.] 1986, no pet.) (theft is not lesser included offense of burglary of a building with intent to commit theft); *Martinez v. State,* 644 S.W.2d 104, 111 (Tex.App.—San Antonio 1982, no pet.) (theft is not a lesser included offense of burglary with intent to commit theft); *and Houston, supra* (offense of rape is not lesser included offense under indictment charging only burglary with intent to commit rape).

The State argues that a completed theft is not required for robbery, yet courts have held that theft is a lesser included offense of robbery. The State reasons by analogy that, even if a completed aggravated assault is not required for burglary with intent to commit aggravated assault, aggravated assault is nevertheless a lesser included offense of the burglary. We disagree.

§ 29.02. Robbery

(a) A person commits an offense, if, *in the course of committing theft* ... and with intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

\* \* \* \* \* \*

TEX.PENAL CODE ANN. § 29.02 (Vernon 1989) (emphasis added).

"In the course of committing theft" is defined as "conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." TEX.PENAL CODE ANN. § 29.01(1) (Vernon 1989). "A person commits an [attempt] offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." TEX.PENAL CODE ANN. § 15.01 (Vernon Supp.1993).

The State argues that a completed theft is not required for a robbery conviction, i.e., an *attempted* theft is sufficient. Yet the courts have nevertheless held that theft is a lesser included offense of robbery. *Parr v. State,* 658 S.W.2d 620, 622 (Tex.Crim.App.1983) (theft can be lesser included offense of robbery when defendant requests jury charge on lesser included offense); *Griffin v. State,* 614 S.W.2d 155, 158 n. 4 (Tex.Crim.App.1981) (in dicta, suggesting that defendant charged with aggravated robbery would have been entitled to instruction on lesser included offense of unauthorized use of motor vehicle or theft had he so requested); *Campbell v. State,* 571 S.W.2d 161, 162 (Tex.Crim.App. 1978) (defendant, indicted for aggravated robbery, entitled to instruction on lesser included offense of theft).

Our response to the State's argument is twofold. First, the above cases deal with the situation where evidence is presented at trial that the lesser offense was committed and the defendant requests an instruction on the lesser offense. In this situation, the defendant essentially waives notice and seeks to give the jury the option of convicting him of the lesser offense. In a similar vein, a defendant who pleads guilty to a lesser offense that may not technically qualify as a lesser included offense cannot claim that the conviction for the lesser offense is invalid:

> Theft as a lesser included offense of aggravated robbery does not fit squarely within art 37.09. It does not fit subsection (1) because theft requires an appropriation of property, TEX.PENAL CODE ANN. art. 31.-03(a), whereas robbery requires only that a person be in the course of committing theft and have intent to obtain or maintain control of the property. TEX.PENAL CODE ANN. art. 29.02(a). However, *when a defendant requests* a jury instruction on a lesser included offense, the Court of Crimi-

nal Appeals has held that theft is a lesser included offense of aggravated robbery when the state's evidence shows a completed theft. *Campbell v. State*, 571 S.W.2d 161, 162 (Tex.Crim.App.1978).... The rule should not be narrower when a defendant pleads guilty by agreement to a reduced charge than it is when a jury is called on to make the guilt determination. *Adams v. State*, 697 S.W.2d 843, 845 (Tex. App.—Houston [1st Dist.] 1985, no pet.) (emphasis added).

In the present case, Jacob did not waive notice or plead guilty to a lesser offense.

Second, in *Earls v. State*, 707 S.W.2d 82, 84 (Tex.Crim.App.1986), the Court held that theft was "necessarily included in the alleged elements of the greater offense of robbery, when ... the indictment alleged 'in the course of committing theft.'" *Earls* removed whatever doubt there may have been concerning whether theft was technically a lesser included offense under art. 37.09(1). *See also Teague v. State*, 789 S.W.2d 380, 382 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd) (trial court had jurisdiction to convict defendant charged with aggravated robbery of lesser offense of unauthorized use of motor vehicle). *Earls* held that the "in the course of committing theft" language established theft as a lesser included offense under robbery.

However, we are cited to no cases, and we have found none, where "with intent to commit a felony" language establishes the felony as a required element of the greater offense of burglary. In fact, the cases hold the opposite. *See Garcia, Foster, De Albuquerque, Martinez, and Houston, supra.* We observe that robbery still requires, as a minimum, an act beyond mere preparation in the furtherance of the offense of theft. Therefore, the State's minimum requirement to prove an act beyond mere preparation in furtherance of theft puts the defendant on notice that at least some evidence of an actual theft will be presented. On the other hand, proof of the mere intent to commit an offense does not necessarily include proof of even one act beyond mere preparation tending to effect the commission of the offense. Consequently, notice to the defendant of the State's intent to prove up the actual offense would be lacking.

In sum, we find that aggravated assault is not a lesser included offense of § 30.02(a)(1) burglary. We note that aggravated assault might be a lesser included offense of § 30.-02(a)(3) burglary, i.e., "enters a building or habitation and *commits or attempts to commit* a felony or theft." But that was not the language of Jacob's indictment. *See Ford v. State*, 632 S.W.2d 151, 153 (Tex.Crim.App. 1982) [indictment under § 30.02(a)(3) would require proof of the commission or attempted commission of the lesser offense].

We find that the trial court did not have jurisdiction to convict Jacob of aggravated assault. That conviction is void, and we vacate the judgment. *Foster, supra* at 497. Also, since the trial court's guilty verdict on the lesser offense acted as an acquittal of the greater offense, we order the trial court to enter a judgment of acquittal to the indicted charge of burglary of a habitation with intent to commit aggravated assault.

Reversed and vacated.

ROBERTSON, Justice, concurring.

Were I writing on a clean slate, I would hold that in a prosecution for burglary of a habitation with intent to commit aggravated assault where the evidence fails to show "an entry into a habitation," as does the evidence in this case, aggravated assault is a lesser included offense of burglary of a habitation with intent to commit aggravated assault. Common sense seems to so dictate.

However, I acknowledge that based upon the cases from the court of criminal appeals, cited in the majority opinion, my view appears to run counter to their conclusion. I believe their interpretation is too technical and is illogical. However, as an intermediate court, we are bound by such decisions. With these brief thoughts, I concur.