# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00477-CV

**In the Matter of D. D.**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. J-20,396, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

## O P I N I O N

The State filed an original and first amended petition alleging appellant D.D. engaged in delinquent conduct by committing the offense of retaliation. Tex. Pen. Code Ann. ' 36.06 (West 2003). In a bench trial, the court found appellant had engaged in delinquent conduct by committing the offense of terroristic threat. *See* Tex. Pen. Code Ann. ' 22.07 (West 2003). In one issue, appellant contends that the trial court lacked jurisdiction to adjudicate appellant delinquent by committing the offense of terroristic threat because that offense was neither alleged in the petition nor a lesser-included offense of retaliation. We sustain appellant=s issue.

The law of lesser-included offenses as developed in criminal cases has been applied to juvenile adjudication hearings. *See In re C.P.*, 925 S.W.2d 151, 152 (Tex. App.CAustin 1996, writ denied); *In re G.A.O.*, 854 S.W.2d 710, 715 (Tex. App.CSan Antonio 1993, no writ). A court does not have jurisdiction to convict a defendant of an offense not charged in an indictment. *See Houston v. State*,

556 S.W.2d 345, 347 (Tex. Crim. App. 1977); *Jacob v. State*, 864 S.W.2d 741, 742 (Tex. App.CHouston [14th Dist.] 1993), *aff=d*, 892 S.W.2d 905, 909 (Tex. Crim. App. 1995) (discussing lesser-included offense analysis); *Foster v. State*, 834 S.W.2d 494, 497 (Tex. App.CHouston [14th Dist.] 1992, no pet.). An exception exists when the conviction is for an offense that is a lesser-included offense of the charged offense. *Jacob*, 864 S.W.2d at 742; *Foster*, 834 S.W.2d at 497. In a bench trial, the court is authorized to find the appellant guilty of any lesser-included offense for which the State provides the required proof. *Shute v. State*, 877 S.W.2d 314, 314 (Tex. Crim. App. 1994); *Cunningham v. State*, 726 S.W.2d 151, 153 (Tex. Crim. App. 1987).

An offense is a lesser-included offense if it is established by proof of the same or less than all the facts required to establish the commission of the charged offense. Tex. Code. Crim. P. Ann. art 37.09(1) (West 1981); *Jacob v. State*, 892 S.W.2d 905, 907 (Tex. Crim. App. 1995). If the offense requires proof of additional matters not alleged, then it is not a lesser-included offense. *Id*.; *Douglas v. State*, 915 S.W.2d 166, 169 (Tex. App.CCorpus Christi 1996, no pet.). Terroristic threat requires proof of the element that the person making the threat must intend to place the victim in fear of imminent bodily injury. Tex. Pen. Code Ann. ' 22.07(a)(2) (West 2003). Fear of imminent bodily injury is not an element of retaliation. *Id*. ' 36.06(a)(1) (West 2003). Terroristic threat is not a lesser-included offense of retaliation. *Helleson v. State*, 5 S.W.3d 393, 396 (Tex. App.CFort Worth 1999, pet. ref=d); *Coward v. State*, 931 S.W.2d 386, 389 (Tex. App.CHouston [14th Dist.] 1996, no pet.); *Davis v. State*, 890 S.W.2d 489, 492 (Tex. App.CEastland 1994, no pet.).[1]

---

[1] The State in its brief agrees that terroristic threat is not a lesser-included offense of retaliation. *See*

*Helleson v. State*, 5 S.W.3d 393, 396 (Tex. App.CFort Worth 1999, pet. ref=d); *Coward v. State*, 931 S.W.2d 386, 389 (Tex. App.CHouston [14th Dist.] 1996, no pet.); *Davis v. State*, 890 S.W.2d 489, 492 (Tex. App.CEastland 1994, no pet.).

Retaliation was the offense alleged in the petition. Appellant was tried for that offense, but was not found to have committed the alleged offense. The State rested and argued that it had proven beyond a reasonable doubt that appellant was guilty of the crime with which she was charged. After stating that the court believed the version of events as told by the complaining witnesses, the court stated that it was Ahaving a problem@ with whether the offense was retaliation and not terroristic threat. After a nutshell recapitulation of the evidence, the court said, ASo I=m going to find a misdemeanor offense in this of the terroristic threat.@ In Aconvicting@ appellant of what it thought was a lesser-included offense, the court impliedly acquitted appellant of the greater. *Sample v. State*, 629 S.W.2d 86, 88 (Tex. App. Dallas 1981, no pet.); *see also State v. Atwood*, 16 S.W.3d 192, 196 (Tex. App.CBeaumont 2000, pet. ref=d). The court heard the evidence, and was unwilling to find appellant committed the alleged felony of retaliation but instead stated that he was going to find a misdemeanor offense. By finding the evidence insufficient to convict appellant of the felony, the court impliedly acquitted her. Accordingly, an adjudication of delinquency cannot be based on the pleaded offense of retaliation.

Further, because terroristic threat was not alleged in the petition and is not a lesser-included offense of retaliation, the court was without jurisdiction to adjudicate appellant delinquent based on that offense. *See Berkley v. State*, 473 S.W.2d 346, 347 (Tex. Civ. App.CFort Worth 1971, no writ) (pleadings failed to state crime upon which adjudication of delinquency could be based); *Osborne v. State*, 343 S.W.2d 467, 468 (Tex. Civ. App.CAmarillo 1961, no writ) (necessary to prove specific penal code violation to adjudicate child delinquent). In the absence of jurisdiction, the conviction for terroristic threat

**4**

was void. *See Houston*, 556 S.W.2d at 347. As a void conviction, the judgment must be vacated. *See*

*Jacob v. State*, 864 S.W.2d at 744.[2]

We vacate the court=s judgment with regard to the offense of terroristic threat and reverse

and render judgment of acquittal with regard to the retaliation offense.

David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Vacated in Part; Reversed and Rendered in Part

Filed: March 13, 2003

---

[2] Because the conviction for terroristic threat is void, double jeopardy does not bar re-trial for that offense. *See Hoang v. State*, 872 S.W.2d 694, 697-98 (Tex. Crim. App. 1993).