Reversed and Remanded and Opinion filed June 26, 2008








Reversed and
Remanded and Opinion filed
June 26, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01035-CR

____________

 

RAYMOND DESMOND MURRAY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 1076101

 



 

O P I N I O N








Appellant was charged by indictment with the felony offense
of making a false statement to obtain credit.  Under a plea-bargain agreement,
appellant pleaded Aguilty@ to misdemeanor
forgery of a writing.  Before the trial court rendered judgment, appellant
filed a motion to withdraw his Aguilty@ plea, asserting
that, if the trial court were to find him guilty of misdemeanor forgery of a
writing, then the trial court=s judgment would be void because the
forgery offense is not a lesser-included offense of the offense charged in the
indictment.  The trial court disagreed and denied appellant=s motion.  On
appeal, the State concedes that under Hall v. State, 225 S.W.3d 524
(Tex. Crim. App. 2007), the forgery offense is not a lesser-included offense of
the offense charged in the indictment in this case.  Nonetheless, the State
asserts that Hall does not apply, or, in the alternative, appellant is
estopped from asserting this complaint.  We conclude that Hall applies
and that, under the Hall analysis, the forgery offense is not a
lesser-included offense of the offense charged in the indictment.  In addition,
we conclude that, under the facts in this record, appellant is not estopped
from asserting this complaint.  Accordingly, we reverse and remand.  

                        I. 
Factual and Procedural Background

Appellant Raymond Desmond Murray was charged by indictment
with the third-degree felony offense of making a false statement to obtain
credit in the amount of $20,000 or more but less than $100,000.  Appellant and
the State agreed to a plea bargain under which  appellant would plead Aguilty@ to the offense of
misdemeanor forgery of a writing and receive a sentence of six months in the
county jail.  Appellant pleaded Aguilty@ as agreed, and
the trial court indicated it intended to follow the plea-bargain agreement. 
The trial court then took the case under advisement.

Thereafter, appellant retained new trial counsel and filed
a motion to withdraw his Aguilty@ plea, asserting
that, if the trial court were to find him guilty of forgery misdemeanor forgery
of a writing, then the trial court=s judgment would
be void because the forgery offense is not a lesser-included offense of the
offense charged in the indictment.  In response, the State argued that the
forgery offense is a lesser-included offense, and the trial court agreed.  The
trial court denied appellant=s motion to withdraw his Aguilty@ plea, found
appellant guilty of misdemeanor forgery of a writing, and assessed punishment
at six months in the Harris County Jail.  The trial court set an appeal bond
for appellant and subsequently gave appellant permission to appeal.[1]









                                           II.  Issue and Analysis

In his first issue, appellant asserts that, under the
analysis from Hall v. State, misdemeanor forgery of a writing is not a
lesser-included offense of the offense charged in the indictment.  See
225 S.W.2d 524, 525B31 (Tex. Crim. App. 2007).  Therefore,
appellant asserts, the trial court=s judgment is void
and must be reversed.  The State does not dispute that application of the
analysis in Hall would result in the conclusion that forgery of a
writing is not a lesser-included offense.  The State, however, argues that Hall
does not apply under the facts of this case.

A.      Does the
analysis from Hall v. State apply?

On appeal, the State concedes that, if Hall applies,
the forgery offense in the judgment would not be a lesser-included offense of
the offense charged in the indictment.  However, the State posits that Hall
does not apply in the context of a case involving a plea bargain.  








Hall involved the propriety of a lesser-included offense
instruction in a jury trial; it did not involve a plea-bargain agreement.  See
Hall, 225 S.W.3d at 525B31.  Accordingly, we conclude that the
case at hand is not within the holding in Hall.  Nonetheless, this court
still should follow
judicial dicta from the Court of Criminal Appeals, inasmuch as these statements
constitute deliberate and unequivocal declarations of the law made after mature
consideration and for future guidance of the bench and bar.  See McLendon v.
State, 167 S.W.3d 503, 507B08 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d) (following declaration of law in
prior Court of Criminal Appeals case under the doctrine of judicial dictum);  LeBlanc
v. State, 138 S.W.3d 603, 606 (Tex. App.CHouston [14th Dist.] 2004, no pet.)
(stating that, as an intermediate court of appeals, this court is bound by the
Court of Criminal Appeals=s deliberate and unequivocal declarations of criminal law); see
also Elledge v. Friberg-Cooper Water Supply Corp., 240 S.W.3d 869, 870
(Tex. 2007) (concluding that statements in prior Texas Supreme Court cases were
judicial dicta that the court of appeals should have followed).  In Hall,
the Court of Criminal Appeals stated, inter alia, the following:

The laws in our nation have taken four approaches to
lesser‑included offenses, which have been labeled Astrict‑statutory,@ Acognate‑pleadings,@ Acognate‑evidence,@ and Ainherently related.@ 

Some states permit a lesser included‑offense
[sic] instruction only when all of the statutory elements of the lesser offense
are contained within the statutory elements of the greater offense. This has
been called the strict statutory approach.

Many states have found this approach to be inflexible,
and have adopted standards that permit an instruction even when the lesser
offense is not composed of a subset of the statutory elements of the greater
crime.  This approach is known as the Acognate@ theory, and it is the majority approach. There are two significantly
different versions of the cognate theory, which mirror the two divergent lines
of authority in our own cases.

One is known as the Acognate‑pleadings@ approach, in which the court looks
to the facts and elements as alleged in the charging instrument, and not just
to the statutory elements of the offense, to determine whether there exists a
lesser‑included offense of the greater charged offense.

The other cognate approach is known as the Acognate‑evidence@ approach, a more liberal approach
in which the court includes the facts adduced at trial in its lesser‑included
offense analysis.

The fourth, and most liberal, view is the one
reflected in the Model Penal Code, which permits a lesser‑included
offense instruction on any offense that is Ainherently related@ to the greater offense. 

. . .

In this state, the answers to questions about lesser‑included
offenses must be based on Article 37.09 of the Code of Criminal Procedure,
which was Texas= first general statute that defined
lesser‑included offenses.

. . .








Article 37.09 became effective on January 1, 1974,
as a conforming amendment in the new Penal Code Act.  Rather than providing a
list of greater and lesser offenses, it set out general definitions of a lesser‑included
offense that apply to all offenses:

An offense is a lesser[-]included offense if:

(1) it is established by proof of the same or less than all the facts
required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less
serious injury or risk of injury to the same person, property, or public
interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less
culpable mental state suffices to establish its commission;  or

(4) it consists of an attempt to commit the offense charged or an
otherwise included offense.

The problematic definition is in Article 37.09(1)Cspecifically the term Afacts required to establish.@

[lengthy discussion of Day v. State, 532 S.W.2d 302 (Tex. Crim.
App. 1976)]

Instead of seeing the statute as providing alternate definitions of
lesser‑included offenses, the proper reading follows the bulk of the
court=s analysis in Day:  the
statute sets out the two‑step process of first looking at the charging
instrument to discern the lesser‑included offenses and next determining
whether the evidence at trial supports giving one of these predetermined lesser‑included
offense instructions.

. . .

This court has said on a number of occasions that
when the greater offense may be committed in more than one manner, the manner
alleged will determine the availability of lesser‑included offenses. . .
If the evidence determines whether an offense is included within the alleged
offense, the results would be different.

The [United States Supreme] Court indicated that
there might be a constitutional violation [of defendant=s right to notice of the charge
against him] if the relationship were based on evidence rather than the pleaded
elements . . . .








Our Code of Criminal Procedure also recognizes that
the charging instrument should include all of the elements of the offenses with
which the defendant is charged.  Article 21.03 commands, AEverything should be stated in an
indictment which is necessary to be proved.@ Determining lesser‑included offenses from the
evidence at trial instead of from the elements of the offense listed on the
charging instrument fails to adhere to this directive.

Another problem with the evidence approach is that
the Supreme Court compares elements of offenses, rather than conduct or
evidence, to decide when successive prosecutions violate the Double Jeopardy
Clause of the Fifth Amendment.  In the absence of a contrary expression of
legislative intent, the elements of offenses, as they are pleaded in the
indictment, also are compared to decide whether multiple punishments violate
the Double Jeopardy Clause.  Problems could result if lesser‑included
offenses were determined by a comparison of evidence at trial, while jeopardy
issues were determined by a comparison of the statutory elements as alleged in
the charging instrument, for conviction bars prosecution for a greater or
lesser‑included offense.  

. . .

We now hold that the pleadings approach is the sole
test for determining in the first step whether a party may be entitled to a
lesser‑included‑offense instruction. . .

The first step in the lesser-included‑offense
analysis, determining whether an offense is a lesser‑included offense of
the alleged offense, is a question of law.  It does not depend on the evidence
to be produced at the trial.  It may be, and to provide notice to the defendant
must be, capable of being performed before trial by comparing the elements of
the offense as they are alleged in the indictment or information with the
elements of the potential lesser‑included offense.

Hall, 225 S.W.3d at
525B36 (footnotes
omitted).  








The State asserts that Hall does not apply to cases
involving plea bargains and that this court instead should apply the Acognate-evidence@ or Ainherently related@ approaches rather
than the Acognate-pleadings@ approach used in Hall. 
After careful consideration of the opinion of the Hall court, we
conclude that the Court of Criminal Appeals=s pronouncement
that the Acognate-pleadings@ approach should
be used to determine whether an offense is a lesser-included offense to the
charged offense was intended for future guidance of the bench and bar.  The Hall
court=s statements are a
deliberate and unequivocal declaration of the law.  Therefore, this court
follows this judicial dictum, even though the issue at hand involves a plea
bargain rather than a jury charge.  See McLendon, 167 S.W.3d at 507B08;  LeBlanc,
138 S.W.3d at 606.  For the reasons explained below, we are unpersuaded by the
State=s arguments urging
application of a different approach.

The State argues that one of the reasons given by the Hall
court in support of its approach is based on a defendant=s constitutional
right to notice of the charges against him and that this right is not at issue
when a defendant pleads Aguilty.@   Even presuming
that this premise is correct, the Hall court provided three other
reasons for the adoption of its approach (as stated in the above quotation),
and these reasons apply in the context of a Aguilty@ plea.  See
Hall, 225 S.W.3d at 531B33.  In addition, in the past the Court of
Criminal Appeals has applied article 37.09 of the Texas Code of Criminal
Procedure and Day v. State to the analysis of lesser-included offense
issues in the context of a Aguilty@ plea.  See Ex
parte McClelland, 588 S.W.2d 957, 958B59 (Tex. Crim.
App. 1979) (holding that, in that case, murder was a lesser-included offense to
capital murder and therefore defendant could plead Aguilty@ to murder even
thought indicted for capital murder).  Therefore, we will apply the Acognate-pleadings@ approach from Hall.

B.      Is forgery
of a writing a lesser-included offense of the offense charged in the indictment?

The statutory elements of making a false statement to
obtain credit, as modified by the particular allegations in the indictment, are
as follows:

(1)     appellant

(2)     intentionally or knowingly

(3)     made a materially false or misleading
written statement to obtain credit for himself

(4)     and the
value of the credit was at least $20,000 or more but less than $100,000.








See Tex. Penal Code Ann. ' 32.21 (Vernon
2003).  We then compare these elements with the elements of the lesser-included
offense of forgery of a writing that could be included in that offense:

(1)     appellant

(2)     with intent to defraud or harm another

(3)     forges a writing by 

(A) altering, making, completing, executing, or authenticating any
writing so that it purports:

(i) to be the act of another who did not authorize that act;

(ii) to have been executed at a time or place or in a numbered sequence
other than was in fact the case;  or

(iii) to be a copy of an original when no such original existed;

(B) to issue, transfer, register the transfer of, pass, publish, or
otherwise utter a writing that is forged within the meaning of Paragraph (A); 
or

(C) to possess a writing that is forged within the meaning of Paragraph
(A) with intent to utter it in a manner specified in Paragraph (B).

See Tex. Penal Code Ann. ' 32.21 (Vernon
Supp. 2007).  We then ask the question that  article 37.09(1) poses: Are the
elements of the purported lesser-included offense Aestablished by
proof of the same or less than all the facts required to established the
commission of the offense charged@?  See Hall,
225 S.W.3d at 536.  The answer is that they are not.  The facts required to
prove the lesser-included offense include forgery of a writing, facts that are
not the same as, or less than, the facts required to establish the offense
charged.  See id.  In addition, forgery of a writing is not a
lesser-included offense under the other three parts of article 37.09.  See
Tex. Code Crim. Proc. Ann. art. 37.09(2),(3),(4) (Vernon
2005).  Although the State asserted in the trial court that forgery of a
writing is a lesser-included offense, the State correctly acknowledges on
appeal, that forgery of a writing is not a lesser-included offense under Hall=s Acognate-pleadings@ approach.           








We conclude that forgery of a writing is not a
lesser-included offense of the offense charged in the indictment.  Therefore,
the trial court=s judgment based on forgery of a writing
is void.[2] 
See Ex parte Sewell, 606 S.W.2d 924, 925 (Tex. Crim. App. 1980)
(concluding that conviction for theft was void because this offense was not a
lesser-included offense of the burglary charged in the indictment); Houston
v. State, 556 S.W.2d 345, 347 (Tex. Crim. App. 1977) (concluding that
conviction for rape was void because this offense was not a lesser-included
offense of the burglary with intent to commit rape charged in the indictment); Hall
v. State, 81 S.W.3d 927, 931 (Tex. App.CDallas 2002)
(holding that judgment on conviction for aggravated assault by threat was void
because this offense was not a lesser-included offense of the murder charged in
the indictment), aff=d on other grounds, 225 S.W.3d 524
(Tex. Crim. App. 2007); Foster v. State, 834 S.W.2d 494, 497 (Tex. App.CHouston [14th
Dist.] 1992, no pet.) (concluding that conviction for aggravated assault was
void because this offense was not a lesser-included offense of the burglary
with intent to commit aggravated assault charged in the indictment). A void
judgment cannot stand.

The State argues that this court should hold that appellant
is estopped from urging on appeal that the judgment is void.








C.      Is
appellant estopped from asserting on appeal that the judgment is void?

Although estoppel takes various forms, in general, it is a
legal doctrine that prevents a party, in certain situations, from asserting a
claim, right, or argument that contradicts what that party previously has said
or done.  See Rhodes v. State, 240 S.W.3d 882, 889B92 (Tex. Crim.
App. 2007).  The Court of Criminal Appeals recently held that a party who
agreed to, helped procure, and enjoyed the benefits of an illegally lenient
judgment is estopped from collaterally attacking that judgment, even though the
collateral attack may correctly show that the judgment is void.  See id. 
For the purposes of our analysis, we presume, without deciding, that the
doctrine of estoppel, as a general matter, may be applied to the appellant=s first issue, in
which he argues that the trial court=s judgment is void
because misdemeanor forgery of a writing is not a lesser-included offense of
the offense charged in the indictment.  The State asserts that appellant is
estopped from so arguing because he induced or caused the trial court to
convict him of the offense of forgery of a writing.  Although the State and
appellant did initially announce a plea bargain under which appellant would
plead Aguilty@ and be convicted
of forgery of a writing, when the trial court convicted him of this offense and
rendered the judgment that appellant argues is void, it did so over appellant=s objection that
any such judgment would be void because misdemeanor forgery of a writing is not
a lesser-included offense of the charged offense.  The trial court rendered
judgment after it denied appellant=s motion to
withdraw his Aguilty@ plea, and after appellant implored the
trial court not to convict him of forgery of a writing but rather to allow the
parties to return to the status of the case before the plea bargain and proceed
under the indictment for making a false statement to obtain credit.  








In addition, this case is a direct appeal from the judgment
that appellant alleges is void.  If appellant=s position is
sustained, he will return to the trial court facing a felony indictment for
making a false statement to obtain credit.  Unlike the defendant in the
Rhodes case and other cases involving estoppel in the context of collateral
attacks on a judgment, appellant has not received the benefits of the void
judgment.  See Rhodes, 240 S.W.3d at 889B92.  Indeed, the
author of the Rhodes opinion has indicated that estoppel may not be
appropriate in the context of a direct appeal from the challenged judgment.   See
id. at 892 n.57; Ex parte Williams, 65 S.W.2d 656, 660 (Tex. Crim.
App. 2001) (Keller, P.J., concurring).  In sum, appellant=s position on
appeal is the same as the position he asserted when the trial court rendered
the challenged judgment.  Appellant did not induce or cause the trial court to
render this judgment, and appellant has not enjoyed any benefit from the void
judgment that will not be lost if this court sustains his challenge to the judgment. 
For these reasons, we conclude appellant is not estopped from asserting that
the judgment is void.

Appellant=s first issue is sustained.[3]

                                                 III. Conclusion

Under the analysis from
Hall v. State, forgery of a writing is not a lesser-included offense of
the offense charged in the indictment.  Therefore, the trial court=s judgment based on forgery of a
writing is void.  Appellant is not estopped from challenging the judgment on
this basis.  Accordingly, we reverse the trial court=s judgment and remand to the trial
court for further proceedings consistent with this opinion.

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment rendered
and Opinion filed June 26, 2008.

Panel consists of
Justices Fowler, Frost, and Seymore.

Publish C Tex. R. App. P. 47.2(b).









[1]  See Tex. R. App. P. 25.2 (a)(2)(B).  Prior to the trial court=s most recent certification of appellant=s right to appeal, the State asserted that this court
lacked jurisdiction because subsections (A) and (B) of Rule 25.2 (a)(2) did not
apply.   See Tex. R. App. P. 25.2
(a)(2).  However, after the trial court=s
most recent certification, it is clear that the trial court has given appellant
permission to appeal and that this court has appellate jurisdiction.  See id.





[2]  In part of its appellate brief, the State asserts
the trial court would not be deprived of jurisdiction and the trial court=s judgment would not be rendered void  even if forgery
of a writing is not a lesser-included offense of making a false statement to
obtain credit as charged in the indictment.  The State has not cited, and this
court has not found, any cases holding that the trial court=s judgment is not void when the trial court renders
judgment on a conviction for an offense that is not charged in the indictment
and that is not a lesser-included offense of the offense charged in the
indictment.  Nonetheless, even if such a judgment were merely erroneous rather
than void, as the State urges, the result in this case would not be different
because appellant preserved error on his first issue in the trial court.  In
his motion to withdraw his Aguilty@ plea, appellant voiced the complaint raised in his
first appellate issue, and the trial court rejected this complaint and denied
this motion.  Therefore, even if the trial court=s error did not void the judgment, this court still would conclude that
the trial court abused its discretion by denying appellant=s motion to withdraw his Aguilty@ plea.  See
Jackson v. State, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979) (stating that,
once trial court takes case under advisement following a Aguilty@ plea,
defendant loses his absolute right to withdraw the plea, and the trial court
has discretion to allow or disallow defendant to withdraw the plea); Rivera
v. State, 952 S.W.2d 34, 36 (Tex. App.CSan
Antonio 1997, no pet.) (holding trial court abused its discretion by denying
defendant=s motion to withdraw nolo contendere plea).





[3]  Appellant asserts, and we agree, that this court
need not address his second and third issues if it sustains his first issue.