

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00050-CR

**JAMES JERRIOD BAILEY,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 278th District Court
Leon County, Texas
Trial Court No. CM-11-150**

## MEMORANDUM  OPINION

In one issue, appellant, James Jerriod Bailey, challenges his conviction for aggravated assault.  *See* TEX. PENAL CODE ANN. § 22.02 (West 2011).  Specifically, appellant contends that the trial court's judgment is void because it adjudicates him guilty of a more serious offense than alleged in the charging instrument.  Because we find that the trial court's judgment of guilt and deferred-adjudication order incorrectly stated that the charged offense constituted a first-degree felony, we modify the

judgments to reflect that appellant was convicted of second-degree aggravated assault and otherwise affirm.

## I. BACKGROUND

Appellant waived indictment and was charged by information with intentionally or knowingly threatening Carrie Edmund with imminent bodily injury by holding a knife to her throat and stating that he was going to kill her.[1] Pursuant to a plea bargain with the State, appellant pleaded guilty to the charged offense. The trial court deferred a finding of guilt and placed appellant on community supervision for three years. The trial court's order of deferred adjudication stated that appellant was charged with aggravated assault with a deadly weapon/family violence; that the underlying offense corresponded with section 22.02(a)(2)(b)(1) of the Texas Penal Code; and that the offense was a first-degree felony. *See id.*

Less than a month after the trial court placed appellant on community supervision, the State filed a "Motion to Adjudicate or Revoke," alleging that appellant committed a second-degree-felony and violated a protective order.[2] The trial court subsequently revoked appellant's community supervision, found appellant guilty of the underlying offense, and sentenced him to fifteen years in the Institutional Division of the Texas Department of Criminal Justice. The trial court also made a deadly-weapon finding. And as was the case with the order of deferred adjudication, the judgment

---

[1] Edmund executed an affidavit of non-prosecution on April 8, 2011, which appellant argues was done because Edmund believes that he has mental-health issues that would not be treated in prison.

[2] The second-degree felony alleged in the State's motion refers to another violent incident transpiring between appellant and Edmund, whereby appellant allegedly punched and tried to choke Edmund.

adjudicating guilt stated that appellant was charged with aggravated assault with a deadly weapon/family violence; that the underlying offense corresponded with section 22.02(a)(2)(b)(1) of the Texas Penal Code; and that the offense was a first-degree felony. *See id.* Thereafter, the trial court certified appellant's right to appeal the judgment adjudicating guilt, and this appeal followed.

## II. ANALYSIS

In his sole issue on appeal, appellant asserts that the trial court's judgment of guilt is void because it adjudicates him guilty of an offense greater than that charged in the information. Specifically, appellant argues that he could not have been found guilty of aggravated assault in the first degree because the information did not allege that Edmund sustained serious bodily injury. The State concedes that the trial court's judgment is incorrect; however, the State argues that the crux of appellant's complaints pertain to the validity of the deferred-adjudication order, and as such, they are untimely under *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). The State also contends that the judgment can be reformed to reflect that appellant was found guilty of aggravated assault in the second degree and that the case does not require reversal because appellant was sentenced within the range corresponding with second-degree felonies.

### A. Timeliness of Appeal

At the outset of our analysis, we address the State's contention that appellant's complaints are untimely because he did not appeal from the trial court's deferred-adjudication order. A defendant placed on deferred adjudication community

supervision may not raise issues relating to the trial court's community-supervision order in appeals filed after his community supervision is revoked. *Manuel*, 994 S.W.2d at 661-62. Instead, a defendant must raise issues relating to the community-supervision order in an appeal taken when community supervision is originally imposed. *Id.*

The Texas Court of Criminal Appeals recognized two exceptions to the foregoing rule: (1) the "void judgment" exception, and (2) the "habeas corpus" exception. *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). The "void judgment" exception recognizes that there are some rare situations in which a trial court's judgment is accorded no respect due to a complete lack of power to render the judgment in question. *Id.* A void judgment is a "nullity" and can be attacked at any time. *Id.* at 667-68. Thus, a defendant who was placed on deferred adjudication may raise on appeal an error that would render the original judgment void, even if that appeal comes after the defendant's guilt is adjudicated. *Id.* at 668.

A judgment of conviction for a crime is void only when: (1) the document purporting to be a charging instrument does not satisfy the constitutional requisites of a charging instrument, and thus, the trial court has no jurisdiction over the defendant; (2) the trial court lacks subject-matter jurisdiction over the offense charged; (3) the record reflects that there is no evidence to support the conviction; or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel when the right to counsel has not been waived. *Id.* A guilty plea is some evidence to support a conviction. *Id.* at 668 n.14.

Here, appellant did not appeal when the community supervision was originally imposed. Nevertheless, he relies on the "void judgment" exception established in *Nix*, which allows for an attack of a void judgment at any time. *Id.* at 667-68. For the reasons listed below, we do not believe that the complained-of judgment is void; accordingly, we could overrule appellant's complaints on timeliness grounds. *See Manuel*, 994 S.W.2d at 661-62.

**B.     The Judgments and Charging Instrument**

Section 22.02 of the Texas Penal Code provides the following in relevant part:

(a) A person commits an offense if the person commits assault as defined in [section] 22.01 and the person:

   (1) causes serious bodily injury to another, including the person's spouse; or

   (2) uses or exhibits a deadly weapon during the commission of the assault.

(b) An offense under this section is a felony of the second degree, except that the offense is a felony of the first degree if:

   (1) the actor uses a deadly weapon during the commission of the assault and causes serious bodily injury to a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code . . . .

TEX. PENAL CODE ANN. § 22.02(a)-(b).

On the other hand, the charging instrument in this case alleged that:

Defendant did then and there in Leon County, Texas intentionally or knowingly threaten Carrie Edmund, a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005 of the Family Code, with imminent bodily injury by telling Carrie Edmund he was going to kill her as he held a knife against her throat, and the defendant did then and there use or exhibit a deadly

weapon, to-wit: a knife, which in the manner of its use or intended use was capable of causing death or serious bodily injury, during the commission of said assault . . . .

Nowhere in the charging instrument did the State allege that Edmund sustained serious bodily injury—a necessary finding to elevate the charged offense from a second-degree felony to a first-degree felony. *See id.* § 22.02(b). However, in a guilty-plea memorandum, appellant indicated that he understood that he was charged with a first-degree felony. Moreover, appellant stipulated to the evidence contained in the information.

Based on the foregoing, we agree with the parties that the trial court's judgment of guilt and deferred-adjudication order inaccurately stated that appellant was charged with a first-degree felony. Instead, the judgment and order should have reflected that appellant was charged and convicted of aggravated assault in the second degree. An appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention by any source. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Accordingly, we reform the trial court's judgment of guilt and deferred-adjudication order to reflect that appellant was convicted of aggravated assault in the second degree. *See* TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27-28; *French*, 830 S.W.2d at 609. However, our analysis does not end here.

Relying on *Houston v. State*, appellant argues that the underlying judgment of guilt is void because he was not convicted of the offense charged in the indictment. *See*

556 S.W.2d 345, 347 (Tex. Crim. App. 1977). But, appellant also recognizes an exception to the foregoing rule for lesser-included offenses. *See id.*; *see also Teague v. State*, 789 S.W.2d 380, 381 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd) ("[A] trial court is without jurisdiction to convict a defendant of an offense not charged in the indictment. The trial court, however, may convict a defendant of an offense not charged in the indictment, if the offense is a lesser included offense of the one charged."). Arguably, the offense for which appellant was actually convicted—second-degree aggravated assault—is a lesser-included offense of the offense for which the judgment reflected— first-degree aggravated assault. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006); *see also Young v. State*, No. 05-08-00834-CR, 2009 Tex. App. LEXIS 525, at **3-4 (Tex. App.—Dallas Jan. 29, 2009, no pet.) (mem. op., not designated for publication) (modifying a judgment to reflect that defendant was convicted of a first-degree felony rather than a second-degree felony and concluding that an incorrect admonishment on the range of punishment was harmless with regard to defendant's guilty plea because the imposed sentence is within both the actual punishment range and the range misstated by defense counsel and the court).[3] Nevertheless, it appears to us that the judgment of guilt and deferred-adjudication order contains a scrivener's error, especially considering that the fifteen-year sentence that was imposed falls within the range accorded second-degree felonies. *See* TEX. PENAL CODE ANN. § 12.33(a) (West

---

[3] Appellant does not argue on appeal that he would have withdrawn his guilty plea had he known the correct punishment range. *See Young v. State*, No. 05-08-00834-CR, 2009 Tex. App. LEXIS 525, at *3 (Tex. App.—Dallas Jan. 29, 2009, no pet.) (mem. op., not designated for publication). Nothing in the record shows appellant was unaware of the consequences of his guilty plea and that he was harmed or misled by the trial court's admonishments. *See id.*

2011) (proscribing a punishment range of imprisonment "for any term of not more than 20 years or less than 2 years" for second-degree felonies).  We therefore do not believe that the underlying judgments are void.  *See Nix*, 65 S.W.3d at 668.  Appellant's sole issue is sustained, in part, and overruled, in part.

## III.    CONCLUSION

We modify the trial court's judgment of guilt and deferred-adjudication order to reflect appellant's conviction for second-degree aggravated assault and affirm the judgments as modified.


                                                        AL SCOGGINS
                                                        Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed as modified
Opinion delivered and filed July 18, 2013
Do not publish
[CR25]