The appellant did not testify or offer any evidence in his own behalf.

 Only two contentions are raised by brief. Appellant objected to Sheriff Behren's testimony about the arrest and search on the grounds that the sheriff was out of his own county at the time. We do find, however, that Fitzgerald testified to the same facts without objection. This constituted a waiver of his objection to Behren's testimony. Lowrey v. State, Tex. Cr.App., 290 S.W.2d 532, and Hughes v. State, Tex.Cr.App., 289 S.W.2d 768.

Appellant next contends that the court erred in permitting the officers to testify as to the money which they found because the money itself was the best evidence. In Dixon v. State, 108 Tex.Cr.R. 650, 2 S.W.2d 272, 273, Judge Lattimore said, "We do not think the man who testi-

fies that he found a horse must produce the horse before the jury before his testimony will be received."

Finding the evidence sufficient to support the judgment and no reversible error appearing, the judgment of the trial court is affirmed.

**Ex parte Melvin Winston BOZEMAN.**

**No. 29865.**

Court of Criminal Appeals of Texas.

May 21, 1958.

Charles H. Dean, Plainview, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

Appellant sought discharge from custody of police officers of the City of Tulia who, it appears, held him on a capias pro fine issued out of the corporation court. He appeals from an order of the county court entered after hearing remanding him to custody.

The complaint upon which he was tried and convicted was offered in evidence by appellant at the hearing but was excluded. It appears as a part of the bill of exception which certifies that it was the complaint upon which the case against appellant in the corporation court was based.

The complaint is signed but does not appear to have been sworn to.

An unsworn complaint cannot be the basis of criminal prosecution in the corporation court and the judgment rendered thereon is void.

The judgment remanding appellant to custody is reversed and he is ordered discharged.