

# The Attorney General of Texas

December 19, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Maurice S. Pipkin
Executive Director
State Commission on Judicial Conduct
120 Supreme Court Bldg.
Austin, Texas 78711

Opinion No. H- 1294

Re: Authority of municipal judges and justices of peace to change moving traffic violation to nonmoving violation.

Dear Mr. Pipkin:

You request our opinion concerning the authority of municipal court judges and justices of the peace in traffic cases. You ask whether a judge may dismiss a moving violation charge in exchange for a plea of guilty to a nonmoving violation which is not contained in the complaint, is not a lesser included offense and bears no factual relationship to the defendant's conduct.

In order for a justice of the peace or municipal judge to act in a criminal case, there must be a written sworn complaint charging that the accused committed a particular offense against the laws of the state. Code Crim. Proc. arts. 45.01; 45.16; 45.17; 15.04; 15.05. The purpose of the complaint in a corporation court is to commence the proceedings and thereby confer jurisdiction upon the court. Bass v. State, 427 S.W.2d 624, 626 (Tex. Crim. App. 1968). Absent a complaint, a judgment attempted to be entered on a plea is void. Bragg v. State, 6 S.W.2d 365 (Tex. Crim. App. 1928). Harris County v. Stewart, 41 S.W. 650 (Tex. 1897). It is essential that the complaint be sworn; otherwise the judgment is void. Ex parte Bozeman, 313 S.W.2d 300 (Tex. Crim. App. 1958). We note that if the original complaint charging a person is falsified, the person falsely altering it could be guilty of an offense under Penal Code section 37.10, Tampering with Governmental Record. See also Penal Code § 37.03, Aggravated Perjury; and § 39.02, Official Oppression.

While most rights and procedural matters may be waived by a defendant, jurisdictional matters may not be waived. Casias v. State, 503 S.W.2d 262, 265 (Tex. Crim. App. 1973); Utsman v. State, 485 S.W.2d 573 (Tex. Crim. App. 1972).

A variance between the judgment of conviction and the offense charged in the pleading is fatal to the court's jurisdiction or power, and a defendant's plea of guilty is irrelevant. It is a fundamental jurisdictional principle that

the state's pleadings must support the judgment.  Martinez v. State, 494 S.W.2d 182 (Tex.  Crim.  App.  1973) (charge of shoplifting does not support conviction on guilty plea for theft);  Butler v. State, 462 S.W.2d 596 (Tex. Crim. App. 1971) (charge of possession of beer does not support conviction on plea of guilty to unlawful sale); McCafferty v. State, 395 S.W.2d 38 (Tex. Crim. App. 1965) (complaint of aggravated assault on policeman does not support conviction on plea of guilty to DWI); Brown v. State, 391 S.W.2d 61 (Tex. Crim. App. 1965) (charge of injuring personal property does not support conviction on plea of guilty to unlawfully carrying pistol); Acosta v. State, 385 S.W.2d 394 (Tex. Crim. App. 1965) (complaint of possession of beer for sale does not support conviction on plea of guilty for unlawful sale); see Carrillo v. State, 358 S.W.2d 635 (Tex. Crim. App. 1962) (indictment for robbery does not support conviction on plea of guilty to theft from person); Ex parte Diez, 272 S.W.2d 373 (Tex. Crim. App. 1954) (indictment for robbery does not support conviction on plea of guilty to theft from person, reduced at prosecutor's request); Van Arsdale v. State, 198 S.W.2d 270 (Tex. Crim. App. 1946) (indictment for robbery does not support conviction on plea of guilty to theft from person, court without jurisdiction to try); see also Houston v. State, 556 S.W.2d 345, 347 (Tex. Crim. App. 1977) ("In the absence of jurisdiction, the judgment of conviction was a nullity. . . ."); Huntsman v. State, 12 Tex. Ct. App. 619, 633 (1882) ("The law condemns no one until the matter has been duly charged against him.").

Accordingly we believe that a justice of the peace or municipal judge is not authorized to dismiss a moving violation in return for a plea of guilty to an unrelated, nonmoving violation.

### S U M M A R Y

A justice of the peace or municipal court judge has no authority or power to change a complaint charging a moving violation to a nonmoving violation, and such judgment on an offense not charged would be void.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jan