Honorable Maurice S. Pipkin Executive Director State Commission on Judicial Conduct 120 Supreme Court Bldg. Austin, Texas 78711
Re: Authority of municipal judges and justices of peace to change moving traffic violation to nonmoving violation.
Dear Mr. Pipkin:
You request our opinion concerning the authority of municipal court judges and justices of the peace in traffic cases. You ask whether a judge may dismiss a moving violation charge in exchange for a plea of guilty to a nonmoving violation which is not contained in the complaint, it not a lesser included offense and bears no factual relationship to the defendant's conduct.
In order for a justice of the peace or municipal judge to act in a criminal case, there must be a written sworn complaint charging that the accused committed a particular offense against the laws of the state. Code Crim. Proc. arts. 45.01; 45.16; 45.17; 15.04; 15.05. The purpose of the complaint in a corporation court is to commence the proceedings and thereby confer jurisdiction upon the court. Bass v. State, 427 S.W.2d 624, 626 (Tex.Crim.App. 1968). Absent a complaint, a judgment attempted to be entered on a plea is void. Bragg v. State, 6 S.W.2d 365 (Tex.Crim.App. 1928). Harris County v. Stewart, 41 S.W. 650 (Tex. 1897). It is essential that the complaint be sworn; otherwise the judgment is void. Ex parte Bozeman, 313 S.W.2d 300 (Tex.Crim.App. 1958). We note that if the original complaint charging a person is falsified, the person falsely altering it could be guilty of an offense under Penal Code section 37.10, Tampering with Governmental Record. See also Penal Code § 37.03, Aggravated Perjury; and § 39.02, Official Oppression.
While most rights and procedural matters may be waived by a defendant, jurisdictional matters may not be waived. Casias v. State, 503 S.W.2d 262, 265 (Tex.Crim.App. 1973); Utsman v. State,485 S.W.2d 573 (Tex.Crim.App. 1972).
A variance between the judgment of conviction and the offense charged in the pleading is fatal to the court's jurisdiction or power, and a defendant's plea of guilty is irrelevant. It is a fundamental jurisdictional principle that the state's pleadings must support the judgment. Martinez v. State, 494 S.W.2d 182
(Tex.Crim.App. 1973) (charge of shoplifting does not support conviction on guilty plea for theft); Butler v. State,462 S.W.2d 596 (Tex.Crim.App. 1971) (charge of possession of beer does not support conviction on plea of guilty to unlawful sale); McCafferty v. State, 395 S.W.2d 38 (Tex.Crim.App. 1965) (complaint of aggravated assault on policeman does not support conviction on plea of guilty to DWI); Brown v. State,391 S.W.2d 61 (Tex.Crim.App. 1965) (charge of injuring personal property does not support conviction on plea of guilty to unlawfully carrying pistol); Acosta v. State, 385 S.W.2d 394 (Tex.Crim.App. 1965) (complaint of possession of beer for sale does not support conviction on plea of guilty for unlawful sale); see Carrillo v. State, 358 S.W.2d 635 (Tex.Crim.App. 1962) (indictment for robbery does not support conviction on plea of guilty to theft from person); Ex parte Dies, 272 S.W.2d 373 (Tex.Crim.App. 1954) (indictment for robbery does not support conviction on plea of guilty to theft from person, reduced at prosecutor's request); Van Arsdale v. State, 198 S.W.2d 270 (Tex.Crim.App. 1946) (indictment for robbery does not support conviction on plea of guilty to theft from person, court without jurisdiction to try); see also Houston v. State, 556 S.W.2d 345, 347 (Tex.Crim.App. 1977) (`In the absence of jurisdiction, the judgment of conviction was a nullity. . . .'); Huntsman v. State,12 Tex. Ct. App. 619, 633 (1882) (`The law condemns no one until the matter has been duly charged against him.').
Accordingly we believe that a justice of the peace or municipal judge is not authorized to dismiss a moving violation in return for a plea of guilty to an unrelated, nonmoving violation.
 SUMMARY
A justice of the peace or municipal court judge has no authority or power to change a complaint charging a moving violation to a nonmoving violation, and such judgment on an offense not charged would be void.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee